a subsequent promise to pay, it is a waiver of the want of due notice. The same principle was also recognised in *Miller* v. *Hackley*, (5 *Johns. Rep.* 385.,) and in that case it was proved, that the defendant said that he would take care of the bills, or see them paid. The court held that this was not enough, that the promise ought to be clearly and unequivocally made out.

Here there is no promise. The defendant knew of no defence. This is extremely slight; and by no means waives any objection which the law puts into his hands.

NEW-YORK,<br>Oct. 1815.<br>WESTFALL<br>v.<br>VAN ANKER.

Judgment for the defendant.

---

WESTFALL <em>against</em> VAN ANKER AND OTHERS.

IN ERROR, on *certiorari* to a justice's court.

The defendants in error brought an action of *trespass* in the court below, against *Westfall*, for fishing with a seine in the *Delaware*, in the town of *Minisink*, in *Orange* county. The defendant pleaded the general issue; and it was proved that about six or seven years before the trial, they cleared out the fishing place, part of which was in *Orange* county, and part in the state of *Pennsylvania*; and that the defendant had drawn his seine from the *Pennsylvania* shore, so as to sweep over part of the fishing place on this side of the river, but without touching the shore in *Orange* county. The plaintiffs below offered no evidence of title or possession in themselves, other than the clearing out the fishing place; and it was not pretended that they owned any land upon the banks of the river. The justice gave judgment for the plaintiffs below.

<em>Clearing out a fishing place in a river does not give an exclusive right of fishery.</em>

*Per Curiam.* Injustice has been done. There is no evidence to warrant a recovery by the plaintiffs, and the judgment must be reversed.

Judgment reversed