## HUMPHRES v. TERRELL.

1. Where slaves are mortgaged, and the possession is delivered to the mortgagee, who retains them more than six years after the time limited for their redemption, or where no time is limited, for more than six years after the pledge, without any admission during that period, that he holds them subject to redemption, this lapse of time, in analogy to the statute of limitations, is a bar to a bill to redeem.

Writ of error to the Court of Chancery, for the fifth District of the Northern Division.

THE bill was filed on the 7th day of September, 1837, and charges in substance, as follows:

The complainant, in the year ————, was pressed with an execution, and being unable to raise the money, he proposed to the defendant to attend the sale of two slaves, which had been levied on, as the property of the complainant to satisfy the execution, to purchase them on his account, and to permit him afterwards to redeem them. As a compensation for the interest on the money to be advanced, the complainant was to permit a negro blacksmith to work for the defendant until the money advanced should be returned. The defendant acquiesced in this proposal, attended the sheriff's sale, purchased the two slaves, a woman and her child, for three hundred and fifty-one dollars, of which he paid only one hundred and thirty-two dollars to the sheriff, this being the amount of the execution, and took the slaves into his possession. The complainant gave the sheriff a receipt for the residue of the sum for which the slaves were sold. After the sale, the complainant proposed to deliver the blacksmith to the defendant, according to the previous agreement, but he preferred to retain the woman as a cook: to this the complainant assented, and the child being quite young, accompanied its mother. No time was limited for the redemption of the slaves, and the defendant often until 1835, admitted the complainant's

right to redeem. In the spring of that year, he was able to redeem them, and tendered the sum of one hundred and thirty-two dollars to the defendant, who then denied the complainant's right of redemption. Two children were born after the slaves went into the defendant's possession. The bill prays that the defendant may answer, and that the complainant may be allowed to redeem, on payment of the one hundred and thirty-two dollars.

The answer denies many of the formal allegations of the bill, but admits that the defendant purchased the slaves at a constable's sale, on the 5th day of Janury, 1830, for the sum of three hundred and fifty-one dollars, of which he paid at the time of purchase, only one hundred and thirty-two dollars: That it was agreed between the complainant and the defendant, that the slaves should be purchased by the latter, and the former was to have the privilege to redeem them at any time within two months. This time was afterwards extended fifteen days, and the time limited for redemption, expired in March, 1830. The defendant states that he was garnisheed as a debtor of the complainant, and answered, relating all the circumstances attending the purchase of the slaves; that the time for redemption had expired; that he had offered to pay the difference between three hundred and fifty-one dollars, the sum bid, and one hundred and thirty-two dollars, the sum paid by him to the sheriff, to the complainant, who would not receive it; that the money was held by him ready to be paid to whomsoever it belonged. The court before which he was summoned, gave judgment against the defendant, as a debtor of the complainant, and in this, and similar garnishments, he has paid all of the residue of the purchase money except fifteen dollars. The defendant admits the tender and its refusal; insists on the fact, that his purchase was *bona fide;* that the complainant had no right to redeem after the time fixed by the agreement; and pleads the statute of limitations, in bar of the relief prayed for.

Several witnesses were examined, but only one of them states a period was fixed for the redemption. His impression is, that three months was to be allowed. The others concur in the

belief, that no period was fixed; but the redemption was to be made in some short time. It is not considered necessary to set out the evidence, as in the opinion of the court, the period for redemption, if not limited by the contract, does not affect the law of the case.

The Chancellor was of opinion, that the bill was barred by the statute of limitations, and directed that the bill should be dismissed at the defendant's costs, on the payment of the sum admitted to be due, as the residue of the purchase money.

The complainant assigns for error that this decree is erroneous, and insists that he should have been let in to redeem the slaves.

COCHRAN, for the plaintiff in error, argued—1st. That this was a mortgage. (Denton v. McKinzie, 1 Dessaus 289: Lollard v. Casey, 2 Bibb 459: Stephenson v. Stephenson, 3 Ibid. 15: Hart v. Ten Eyck, 2 John. C. 62: Hatter v. Etenard, 2 Dessaus 570: Anonymous 2 Hayw. 26.)

2d. It is a strict trust, and therefore exempt from the operation of the statute of limitations. (Kane v. Bloodgood, 7 John. C. 90: Coster v. Murray, 5 ibid. 224.)

3d. The defendant could only hold adversely, by renouncing the character of trustee, which he could do by purchasing the pledge, or holding it adversely. (Angel on Limitations 135, 136: Hart v. Ten Eyck, 2 John C. 62.)

4th. The judgment against Terrell, as garnishee was void, therefore, at all events, the decree should have been for the residue of the three hundred and fifty-one dollars, unpaid.

PECK, for the defendant in error, cited 2 Story's Com. on Equity, 735.

GOLDTHWAITE, J.—The complainant seeks to avoid the plea of the statute of limitations, on the ground that the defendant is a mere trustee, and as such, unaffected by the lapse of time. The only cases which are not barred by lapse of time, are those which arise out of trusts, which are peculiarly and exclusively the creatures of a court of equity. [Maury's administrators v.

Mason's administrators, 8 Porter 211.] The condition of the complainant here arises out of his contract; equity interposes, it is true, for his relief in one aspect of the case and declares that he shall not be affected by the forfeiture which he has agreed by his contract to submit to; therefore, it will not permit the defendant to avail himself of the strict condition imposed on the pledge, but will allow the complainant to redeem at any reasonable period of time. It is equally true, however, that equity will not always listen to a claim to redeem. If a mortgagor or pledge or lies by and will make no attempt to redeem within the period within which, any title, however good, will be barred by lapse of time, a court of chancery cannot, indeed it ought not, to relieve. This is the well settled rule with respect to real estate, and if a mortgagee has been in possession of the mortgaged premises for twenty years, taking the profits without any account, or act done by which he admits himself to hold them as a qualified estate, the equity of redemption, will be presumed to be extinguished, or to have been abandoned by the mortgagor; and a bill to redeem, will not be entertained by a court of equity. [See Powell on Mortgages 360, and cases there cited: Dexter v. Arnold, 1 Sumner 109: Demarest v. Wyn Koop, 3 John C. R. 134: Lamar v. Jones, 3 Har. & McHen. 328.]

This rule is adopted by courts of equity, not in obedience to the statutes of limitation, but in analogy to them, and from the obvious necessity which exists, that some lapse of time should quiet the possession. All the reasons for the rule apply with as much force to personal as to real estate, and if it has been considered judicious to make a shorter period of time applicable, as a limitation to a suit for the former, it is the duty of a court of equity to adapt its decisions to the recognized rules of law. A claim to personal estate, is barred at law after the lapse of six years, no matter, however imposing it may be; and what reason is there that a court of equity should open its doors to relieve a suitor who, under similar circumstances is banished from a court of law? We know of none, and it may be added, that an equitable claim not resting on a trust, exclusively the creature of a

court of equity, which has not had sufficient merit to induce a prosecution within six years, ought, after that period to rest forever.

It is supposed, however, that as no period was fixed within which this pledge was to be redeemed, by the contract of the parties, this circumstance will withdraw the case from the analogy of the statute. We do not deem it important to scrutinize the evidence on this point, to see whether the bill or answer is sustained, as we consider it clear that an indefinite period of time cannot defeat the operation of a most salutary rule. It is obvious if no time is fixed for redemption, the complainant could redeem at any time; if a day is stipulated for, he cannot redeem, nor is the pledge forfeited until the day comes. In the first case, if he neglects to redeem within six years from the time of the pledge, and his title is not recognized within that time, he must be considered as abandoning it; in the last, the same result follows, from the omission to redeem within six years, from the day fixed.

If the statute is a bar to the right to redeem, it is equally so, to the money demand for the residue of the sum for which the slaves were sold, and therefore, we need not inquire whether the garnishee judgments were void or voidable; nor need we ascertain whether this portion of the answer, is supported by proof. It is sufficient that the lapse of time is insisted on as a defence, and nothing is admitted to be due but the small sum for which a decree was rendered.

The decree of the chancellor is free from error and is affirmed.