# BYRD *vs.* McDANIEL.

[BILL IN EQUITY FOR REDEMPTION OF MORTGAGED SLAVES.]

1. *Limitation of suit for redemption.*—By analogy to the statute of limitations applicable to actions at law for the recovery of personal property, equity will not entertain a bill for the redemption of mortgaged slaves after the expiration of six years from the law-day of the deed, when the mortgagee and his representatives have had continuous possession of the property from the time of the forfeiture, without any acknowledgment, express or implied, of the mortgagor's right; and the fact that the mortgage contained a provision, authorizing the mortgagee to retain the possession of the property until the mortgage debt was paid, does not exempt it from the operation of this principle.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. WADE KEYES.

THIS bill was filed by Redding Byrd, the appellant, on the 15th September, 1846, against the administrator of Bartlett McDaniel, deceased; and sought to redeem certain slaves, which were conveyed by complainant to said McDaniel, by an instrument of which the following is a copy:

"The State of Alabama, ⎫   Received of B. McDaniel
    Butler County.   ⎬ five hundred and twenty dollars and twenty-five cents, for four negro slaves, to-wit, one negro woman by the name of Hannah, her child by the name of Cæsar, one negro boy by the name of Wesley, and one negro boy by the name of George; which

negroes I warrant and defend the title, from myself and my heirs, this 13th June, 1838. The condition of the above obligation is such, that when I do pay or discharge two notes of hand, payable to the above-named McDaniel, one for two hundred and twenty 25-100 dollars, and one for two hundred and fifty dollars, said notes dated the 13th June, 1838, and made payable one day after date, then the above-named negroes to be delivered, otherwise to belong to the said McDaniel, in his possession, until said notes are discharged, this 13th June, 1838."

(Signed)                          "Redding Byrd."

The original bill alleged, that this instrument was executed on the day of its date, and was intended as a mortgage to secure the payment of the two notes therein mentioned; that the slaves were delivered to McDaniel at the time of the execution of the mortgage, and continued in his possession until his death, which occurred some time in the year 1839, and were in the possession of his administrator when the bill was filed; that the complainant had frequently tendered to the legal representatives of said McDaniel the amount due on said notes, and demanded the restoration of the slaves; and that said representatives "always refused to accede to his request." An amended bill was afterwards filed, alleging that the complainant, within six years after the execution of the mortgage and the delivery of the slaves under it, had tendered to the executor of McDaniel, and afterwards to his administrator *de bonis non*, the full amount due on said notes, and demanded the restitution of the slaves; that no objection was made to the amount tendered, nor to the kind of money tendered; that all of complainant's efforts "were unavailing to induce said deceased to receive said money, and to deliver back said negroes;" and "that his administrators, since his death, have wholly failed and refused so to do, or in any way to comply with complainant's just and reasonable demands." The prayer of the bill was for a redemption, account, and general relief.

The chancellor sustained a demurrer to the bill for want of equity, and his decree is now asssigned as error.

JAS. L. PUGH, for the appellant.—The statute of limitations is no bar to the suit. There was no time limited to redeem, and no adverse possession. The legal effect of the mortgage was, that there was no law-day, except when created by payment of the mortgage, or by an offer to pay and refusal to accept and deliver. It was a continuing trust; and the mortgagee held, until his death, in subordination to the mortgagor's right of redemption. Herbert v. Hanrick, 16 Ala. 581; Gunn v. Brantley, 21 Ala. 633; Boyd v. Beck, 29 Ala. 703; Kane v. Bloodgood, 7 John. Ch. 90; Benje v. Creagh, 21 Ala. 151. The case of Sims v. Canfield, 2 Ala. 555, relied on by the appellee's counsel, is not analogous. There, the alleged mortgage was an absolute bill of sale; and the principle settled by the case is, "that an adverse possession of six years, under claim of title, gives such a right of property as will enable the defendant to recover the slave." In this case, there was no repudiation of the trust—no assertion of title by the mortgagee inconsistent with the rights of the mortgagor; but the relation was always recognized, and the mortgagor's rights admitted. In Nimmo v. Stewart, 21 Ala. 682, the parties did not occupy the relation of mortgagor and mortgagee.

WATTS, JUDGE & JACKSON, contra.—The bill shows on its face that the complainant's right of redemption was barred by lapse of time, in analogy to the statute of limitations applicable to actions at law for the recovery of personal property; and this defense was available to the defendant on demurrer, for want of equity.—Humphreys v. Terrell, 1 Ala. 650; Sims v. Canfield, 2 Ala. R. 555; Johnson v. Johnson, 5 Ala. 90; Bloodgood v. Kane, 7 John. Ch. 90; Story's Equity Pleadings, (3d edition,) §§ 484, 485, 503, and note to 503; Nimmo v. Stewart, 21 Ala. 682.

WALKER, J.—Will the redemption of mortgaged slaves be allowed, where the forfeiture occurred more than six years before the commencement of the suit, and the mortgagee and his representatives have been in con-

tinuous possession from the time of the forfeiture, making no acknowledgment, express or implied, of the mortgagor's right? The point involved in the question, which is controverted by the counsel, is, whether the possession after the law-day by the mortgagee, in the absence of account of the profits, or other express or implied recognition of the mortgagor's right, is, of itself, sufficient to justify an application of the analogy to the statute of limitations which prevails at law, or whether there must be, besides the possession and the want of an account for the profits, or other acknowledgment, and the forfeiture, a positive denial of the mortgagor's right.

In Humphreys v. Terrell, 1 Ala. 650, the precise question arose. There was no repudiation, by positive act or declaration, of the mortgagor's right; yet the court visited the analogy of the statute of limitations upon the bill for redemption. This decision was made eighteen years ago, and its authority has never since been denied, or even assailed, in this court. It may, and most probably has become, in some cases, a muniment of title to property. Property has probably been sold and bought, in confidence that the decision was a correct exposition of the law, and should shield the title. We do not, therefore, concede the propriety of questioning such a decision; but, as it is assailed as wrong, upon authority and upon principle, we will re-examine the question, and, in doing so, we propose to make a somewhat extended collation of the authorities.

The principle seems to have been first fully recognized in England in the case of Pearson v. Pulley, 1 Cases in Chan. 102. In that case, the lord-keeper said, in reference to a mortgage of realty, that "he would have a rule to limit to what time a mortgage shall be redeemable, and conceived twenty years to be a fit time in imitation of the statute of limitations of real actions." The subject thus presented was afterwards often a matter of discussion and adjudication in the English chancery; the case of Pearson v. Pulley was always recognized as a correct authority; and the decisions are so uniform and consistent, that the question now under consideration has

become as well settled as it is possible for English authorities to settle any question.

The case of Whiting v. White, 2 Cox, 289, was for the redemption by the heir of the mortgagor from the devisee of the mortgagee. There was no denial or act of positive hostility to the equity of redemption; but there were in evidence some declarations, conducing to show an acknowledgment of the mortgagor's right, which were regarded as too loose to be relied upon. The redemption was denied, on account of the twenty years possession by the mortgagee and his devisee. The master of the rolls uses the following language in his decision: "Nothing is more clearly settled, than that a redemption shall not be decreed after a possession of twenty years. The possession must be such as shows that the mortgagee held it as his own estate. If, therefore, any interest has been received, or if any account has been settled between the mortgagor and mortgagee of what is due upon the mortgage, whereby it appears that the mortgagee considers himself as having only a redeemable interest; or, if by any solemn act of the mortgagee, such as a will or settlement made by the mortgagee, it appears that he considers it as redeemable, it shall, as against him and all claiming under him, be held to be so; and the time will only run from the date of such acknowledgment." In the opinion it is intimated, though not decided, that mere verbal admissions would not be sufficient to prevent the bar.

In Aggas v. Pickerell, 3 Atk. 225, there appears to have been a simple possession by the mortgagee, without any qualifying proof; and the redemption was denied after the expiration of the period prescribed in the statute, notwithstanding it was shown in excuse that the mortgagor had been for several years out of the kingdom.

The possession of a mortgagee for twenty years, without any payment of interest by the mortgagor, or any thing done or said during that period to recognize the existence of the mortgage, or to acknowledge it on the part of the mortgagee, was held by the master of the rolls, as well as by the lord-chancellor, in Cholmondeley v.

Lord Clinton, to be a complete bar to the equity of redemption. The opinions make no requisition of any act of positive hostility to the right of the mortgagor.

In the case of Corbett v. Barker, 3 Anstruther, 755, in the court of exchequer, it was held, that a presumption against the mortgagor arises from no payment of the surplus rents being made, and no account delivered, for so long a period of time as twenty years.

In Foster v. Hodgson, 19 Vesey, 180, it is declared to be incumbent upon the complainant, in a bill to redeem, to state in his bill circumstances taking his case out of the general rule, that twenty years uninterrupted possession by the mortgagee is, either upon the statute of limitations, or by analogy to it, a bar to his relief.

In Barron v. Martin, 19 Vesey, 327, the following clear and emphatic language is used: "It is now perfectly settled, that twenty years possession by a mortgagee is, *prima facie*, a bar to the right of redemption. It lies upon the mortgagor to show any circumstances preventing the possession from producing that effect." There was not in this case a solitary fact, indicating any position hostile to the mortgagor, other than was involved in the act of possession. The decision could not have been placed upon the ground of any positive act renouncing the relation of mortgagor and mortgagee; for, as was done in Whiting v. White, *supra*, it denies that parol declarations, acknowledging the mortgagor's right, would keep the redemption open, unless the evidence of them was clear and unequivocal.

Hodle v. Headley, 1 Ves. & B. 536, is another case fully sustaining the proposition, that the possession of the mortgagee, for the period prescribed by the statute, is, *prima facie*, sufficient to defeat the mortgagor's suit for redemption, and that it devolves upon the mortgagor to bring himself within the exceptions to the general rule.

These authorities will suffice to indicate the state of the law in England, upon the question before us. We therefore cite, without commenting upon, or quoting from them, the following cases, which contribute to support the position taken in those set forth.—Hyde v. Dallaway,

2 Hare, 528; Edsell v. Buchanan, 2 Vesey, 883; Reeve v. Hicks, 2 Sim. and Stu. 403; Raffety v. King, 1 Keen, 601; 1 Greenleaf's Cruise on Real Property, 113; Jenner v. Tracy, 3 P. Williams, 287; White v. Ewer, 2 Vent. 340; Ashton v. Milne, 6 Sim. 378; 1 Powell on Mortgages, 360; Hansard v. Hardy, 18 Vesey, 455.

The American authorities, with a few exceptions, harmonize with the English. Judge Story, in his Equity Jurisprudence, (2 vol. §§ 1028 a, 1028 b,) adopts the doctrine asserted by the English authorities, that the analogy to the statute of limitations prevails; and says, "that the time begins to run against the mortgagor from the moment the mortgagee takes possession in his character as such; and, if it has once begun to run, and no subsequent admission is made by the mortgagee, it continues to run against all persons claiming under the mortgagor, whatever may be the disabilities to which they may be subjected." Chancellor Kent, in his Commentaries, (vol. 4, page 187,) has taken the same ground. The same remark may be made in reference to the doctrine laid down in Angell on Limitations, (Lec. XXXIV, from § 447 to 467, inclusive;) and also in the Revision of Swift's Digest, (2 vol. 187, 188, 189.)

The subject was brought before the supreme court of the United States, in the case of Hughes v. Edwards, 9 Wheaton, 489, and the opinion of that court was announced in the following language: "In the case of a mortgagor coming to redeem, that court has, by analogy to the statute of limitations, which takes away the right of entry of the plaintiff after twenty years adverse possession, fixed upon that as the period after forfeiture and possession taken by the mortgagee, no interest having been paid in the meantime, and no circumstances to account for the neglect appearing, beyond which a right of redemption shall not be favored." The decisions of Chancellor Kent, in Moore v. Cable, 1 Johnson's Ch. R. 385; Marks v. Pell, 1 Johns. Ch. R. 594, and Demarest v. Wynkoop, 3 Johnson's Ch. R. 129, assert substantially the same doctrine. See, also, Lamar v. Jones & Clark, 3 Harris & McH. 328.

In Dexter v. Allen, 1 Sumner, 109, Judge Story said: "If the mortgagee has been in possession of the mortgaged premises for twenty years, taking the profits, without any account, or act done, by which he admits himself to hold it as a qualified estate, the equity of redemption will be presumed to be extinguished or abandoned by the mortgagor."—See, also, Gordon v. Hobart, 2 Sum. 401.

In Connecticut, where the right of entry is limited to fifteen years, it is laid down " as a rule, that the mortgagee being in possession, a mortgagor shall not have more than fifteen years to redeem, after his equitable right has accrued, unless the delay shall be accounted for by statute disabilities, or other special circumstances that may be considered equivalent."—Haskell v. Bailey, 22 Conn. 569; Skinner v. Smith, 1 Day, 127; Lockwood, v. Lockwood, 1 Day, 295; Jarvis v. Woodward, 22 Conn. 548. See, also, Harkey v. Powell, 1 Hawks, 17.

The long array of authorities above cited fully sustain the principle which underlies the decision in Humphreys v. Terrell. Opposed to it are the following decisions in Tennessee, Kentucky and South Carolina: Yarbrough v. Newell, 10 Yerger, 37; Wood v. Jones, Meigs, 517; Drayton v. Marshall, Rice's Eq. 373; Fenwick v. Macy, 1 Dana, 282; Pickens v. Walker, 3 Dana, 169; Hopkins v. Stevenson, 1 J. J. Marsh. 344.

While we find Humphreys v. Terrell sustained by the great weight of authority, we do not find it so clearly wrong in principle as to justify us in overruling it. We think there is a reply to what is regarded in the case above cited from Meigs' Reports as an insuperable difficulty in the practical application of the principle. That difficulty is, that where the period prescribed in the statute of limitations to an action on the debt secured by the mortgage is longer than the period of limitation to an action for the recovery of mortgaged property, it might be that the mortgagee could defeat the redemption suit of the mortgagor, by the analogy to the statute of limitations for the recovery of property, and afterwards recover the debt. If this be a difficulty at all, it would in no wise be avoided by the adoption of the doctrine opposed

3

to the decision in Humphreys v. Terrell, and maintained by the Tennessee court. If such a thing as the recovery of the debt after the defeat of the equity of redemption by the statute of limitations could occur, it might as easily be where a positive act of hostility to the mortgagor's right was required, as where the possession without any express or implied acknowledgment or recognition is sufficient. But we are inclined to think, that whenever a case occurs presenting such a question, it must be held, that the mortgagee's availing himself of the statute of limitations will be held equivalent to a strict foreclosure of the mortgage, and therefore a bar to a recovery upon the debt.—2 Hilliard on Mortgages, 2, § 2.

It is also objected, that the doctrine of Humphreys v. Terrell infringes the principle, that adverse possession is necessary to complete a bar under the statute of limitations. The reply to this is, that the possession of the mortgagee, without any recognition of his relation to the mortgagor, is adverse. This position is sustained by the tenor and effect of all the decisions which maintain the doctrine, and is expressly held in the great case of Cholmondeley v. Clinton, 2 Jac. & W. 1. The mortgagee, after forfeiture, has the legal title; a title which, in the eye of a court of law, is deemed complete. Equity attaches to his relation to the mortgagor the duty of an account of the profits, and a credit upon the debt of all the accruing profits. If he holds without the peformance of the duty imposed upon him by the law, and does none of those things which recognize the relation, his possession is deemed to be adverse, and to be referrible to the title which he has at law, and not to the qualified title which he has in equity.

It has been decided in this State, that the possession of the mortgagor is not adverse to the mortgagee, unless he throws off his allegiance to the mortgagee.—Boyd v. Beck, 29 Ala. 703; Herbert v. Hanrick, 16 Ala. Rep. 581. These decisions are reconcilable with Humphreys v. Terrell, because there is a distinction between the character of the mortgagor's relation to the mortgagee, and that of the mortgagee to the mortgagor.

It will be found by referring to the cases which we have cited above, that the defeat of the mortgagor's equity of redemption is placed upon the analogy of the statute of limitations. In all the cases where the lapse of time has been made available in favor of the mortgagor to defeat a bill of foreclosure, it has been upon the doctrine of presumption, which usually arises in twenty years. Although it is conceded that the mortgagor is, in some sense, the *quasi* tenant of the mortgagee; yet that was not regarded as a barrier to the presumption that the mortgage debt was paid.—Thrash v. White, 3 Brown's C. C. 289; Christopher v. Sparke, 2 J. & W. 223; Toples v. Baker, 2 Cox, 122; Libson v. Fletcher, 1 Ch. Rep. 59; Giles v. Baremore, 5 Johns. Ch. 545; Collins v. Torry, 7 Johns. 278; Jackson v. The People, 12 Johns. 425; Hughes v. Edwards, 9 Wheaton, 497; Angell on Limitations, §§ 453, 454, 455, 456.

These authorities are decisive to show that the protection of the mortgagor, by lapse of time, was not referrible to the analogy of the statute of limitations. The possession of the mortgagor is, *prima facie*, the possession of the mortgagee, and cannot be, *per se*, adverse. He holds, after the forfeiture, by the permission of the mortgagee, and may be at any time evicted.—Higginson v. Mein, 4 Cranch, 414; Union Bank of La. v. Stafford, 12 Howard, 327; New Orleans Canal & Banking Co. v. Stafford, 12 Howard, 343; Slicer v. Bank of Pittsfield, 16 Howard, 571. Martin v. Bawker, 19 Verm.. 525, is the only conflicting authority known to us. The authorities must not, however, be understood as denying that the mortgagor may, by setting up a right or claim as hostile to the mortgagee, effect what would be equivalent to a disseizin, and, having placed himself in adverse possession, avail himself of the statute at law, or its analogy in chancery. We have decided, in Boyd v. Beck, that the mortgagor may become an adverse holder to the mortgagee; and the point is so ruled in Drayton v. Marshall, Rice's Eq. 373, and Bacon v. McIntyre, 8 Metcalf, 87. See, also, Angell on Limitations, § 453.

We conclude, that there is much both of reason and

authority for a distinction between the mortgagor and mortgagee, as to the circumstances under which the statute of limitations is available to the mortgagor and mortgagee respectively, and that the cases of Humphreys v. Terrell, and Boyd v. Beck, may consistently stand together in the same system of jurisprudence.

The fact that the possession of the mortgagee is adverse to the mortgagor, would not have the effect apprehended, of preventing a conveyance by the mortgagor of the equity of redemption. The equity of redemption after forfeiture, is not a right to the property—a *jus in re*— it is only a right to acquire a title to the property. That right is alienable, and the adverse holding of the mortgagee would not prevent its transfer. Gordon v. Hobart, 2 Sumner, 408. When the statute of limitations is applied by analogy in favor of the mortgagee, it is not upon the ground that a right of property in the mortgagor is divested; but chancery, from the similarity to cases at law for the recovery of property, adopts the period prescribed in the statute of limitations, as that beyond which it will not entertain a bill for redemption.

Guided by the reasoning and authorities which we have adduced, we adopt the decision in Humphreys v. Terrell, so far as the point presented is concerned, as the law. This decision being the law, the complainant's bill shows upon its face that the right of redemption was lost by the lapse of time; and the decree dismissing it was proper.

But it is said, that the mortgage in this case is of such a character that the mortgagee in possession could never invoke the statute of limitations. There was a class of mortgages, now obsolete, known as 'Welsh mortgages,' under which the mortgagee was not accountable for rents and profits, nor the mortgagor for interest; but the mortgagee kept the possession as an equivalent for the interest, until the mortgagor paid the principal debt. Lapse of time was not available to the mortgagee in this class of mortgages.—1 Powell on Mortgages, 373, and note; 2 Green. Cruise on Real Property, 114 to 118, inclusive; 2 Hilliard on Mortgages, 21, § 39. The mort-

gage here does not belong to.that class. It provides that the mortgagee should retain possession, until the debts secured were paid; but there is nothing which relieves the mortgagor from the payment of interest, or the mortgagee from accountability for the profits. We concur in the opinion expressed in Humphreys v. Terrell, in reference to a similar mortgage, that there is nothing in the character of the mortgage in this case to prevent the operation of the statute of limitations.

The decree of the court below is affirmed.

RICE, C. J., not sitting.