# Coyle *v.* Wilkins *et al.*

*Bill in Equity to foreclose Mortgage.*

1. *Mortgagor; title of, when subordinate.*—A mortgagor, or his vendee, with notice of the mortgage, holds in subordination, and not adversely to the mortgagee; and the possession of neither the one or the other, if unaccompanied by an open disclaimer of the title of mortgagee, brought home to his notice, will affect the validity of an alienation made by him, nor will it come within the influence of the statute of limitations.

2. *Same; when barred of bill to redeem.*—The possession of the mortgagee, after the law day of the mortgage, without an account of rents and profits, or other recognition of the mortgagor's equity of redemption, for the period which under the statutes of limitations would bar an action at law, if the right and remedy were legal, would by analogy bar the mortgagor of a bill to redeem.

3. *Mortgagee; when not barred of bill to foreclose.*—A mortgagee, however, would not be barred of a bill to foreclose, unless twenty years had elapsed, without the payment of interest, or an admission of the existence of the mortgage debt, which create a presumption of its payment.

4. *Same; title of, after law day.*—After the forfeiture, the mortgagee has the complete legal title, and a possession by him, without recognition of the equity of the mortgagor, is in hostility to, and adverse to the mortgagor, and referrible only to the legal title; the possession of the mortgagor, however, is referrible to, and in subordination to the legal title of the mortgagee, until by disclaimer of which the mortgagee has notice, it becomes adverse.

5. *Revised Code, section 3381; what applies to.*—Section 3381 of the Revised Code, which renders the statute of limitations applicable to suits in chancery, makes them as obligatory upon courts of equity as on courts of law, and as applicable to equitable as to legal titles and demands; and when applied to the one or the other, if founded on the title to real or personal property, a possession adverse to the true owner must exist.

6. *Limitations, statute of; when does not run.*—Where possession is permissive, or in subordination to the legal title, as is the possession of the mortgagor or his alienee, with notice, there is no room for the statute of limitations, and the only defense available to the mortgagor is the presumption of payment of the mortgage debt, after the lapse of twenty years.

APPEAL from Chancery Court of Mobile.

Heard before Hon. H. AUSTILL.

In March, 1853, Henry McKibbin, who was then the owner of the premises in controversy, being indebted to the appellant, Coyle, for borrowed money, executed to him his

[Coyle v. Wilkins et. al.]

promissory note for two hundred dollars, with a mortgage on the premises to secure its payment; which mortgage was duly recorded soon after its execution. In August, 1856, McKibbin made a payment of eighty dollars, which is admitted as a credit; and in the year 1857, died intestate, leaving the balance of the note wholly unpaid.

Mary McKibbin, his widow, soon after his death became· his administratrix, and under order of the Probate Court, sold the lot in controversy, among other property of the estate, for the payment of debts. At this sale, made in September, 1859, John King became purchaser of said lot.

In September, 1860, Mary McKibbin purchased the lot from King, and had resided on it up to the time of her death, in 1870. She died without heirs, and left a last will, by which she directed the lot to be sold for the payment of certain legacies, and appointed the defendants, Wilkins and King, her executors. She had previously had the estate of Henry McKibbin declared insolvent, and in her final settlement of it, there were no assets in her hands. The balance on the note had never been paid, and this bill was filed in July, 1873, seeking to foreclose the mortgage made by McKibbin in 1853. The executors answered, neither denying or affirming the existence of the debt, or mortgage, but calling for proof of the same, and all other matters alleged. They also demurred to the bill, and· assigned the statute of limitations of ten years as cause of demurrer.

On the hearing, the chancellor sustained the demurrer, and dismissed the bill; and this decree is now assigned as error.

PERCY WALKER, for appellant.

BOYLES & OVERALL, contra.

BRICKELL, C. J.—We have several decisions affirming the principle that a mortgagor, or his vendee with notice of the mortgage, hold in subordination, and not adversely to the mortgagee, and the possession of neither one, or the other, if unaccompanied by an open disclaimer of the title of the· mortgagee, brought home to his knowledge, will affect the validity of an alienation made by him; nor will it fall within the operation of the statute of limitations.—Foster v. Goree, 5 Ala. 424; Herbert v. Hanrick, 16 Ala. 581; Boyd v. Beck, 29 Ala. 703; Byrd v. McDaniel, 33 Ala. 18; Relfe v. Relfe, 34 Ala. 500. After thorough examination of the

authorities, it was held, in *Byrd v. McDaniel, supra*, that the possession of the mortgagee, after the law day of the mortgage, without an account of rents and profits, or other recognition of the mortgagor's equity of redemption, for the period which under the statute of limitations would bar an action at law, if the right and remedy was legal, would by analogy bar the mortgagor of a bill to redeem; but, that a mortgagee would not be barred of a bill to foreclose, unless twenty years had elapsed without the payment of interest, or an admission of the existence of the mortgage debt, creating the presumption of its payment. The distinction taken between a bill by the mortgagor to redeem, and a bill by the mortgagee for foreclosure, was shown to rest on the difference of the right, and of the possession of the mortgagee, and of the mortgagor. After forfeiture, the mortgagee has the complete legal title. It is in equity only, and by construction, that he is regarded as a trustee of the legal estate for the mortgagor, and bound to apply the rents and profits to the payment of the mortgage debt. A possession without recognition of the equity of the mortgagor, without an application of the rents and profits, as by decree of a court of equity their application could be compelled, is in hostility to and adverse to the mortgagor, and referrible only to the legal title.

The mortgagor stands in a different relation. If in possession, his possession is permissive, referrible, and in subordination to the legal title of the mortgagee, until by disclaimer, of which the mortgagee has notice, it becomes adverse. His alienation passes only his equity of redemption, and if the alienee has notice of the mortgage, he enters and holds in subordination to the title of the mortgagee.

The mortgage to the appellant was properly recorded, and it is not necessary, therefore, to examine the evidence which has been offered to show actual notice to those entering subsequently into possession of the premises under the mortgagor. The registration is equivalent to actual notice, and the purpose of the statutes which authorize it, is to make it operate as direct notice to all persons deriving title from the mortgagor. Having notice, they are bound by the mortgage; and the evidence fails to show any disclaimer by them of the title of the mortgage.

It is supposed the statute which renders the statute of limitations applicable to suits in chancery (R. C. § 3381) has changed the principle, and that now a bill for foreclosure is barred, if an action of ejectment would be barred

[Simmons v. Guyon.]

at common law. Before the statute, a court of equity obeyed the statute of limitation in cases of concurrent jurisdiction. In other cases, the statutes were applied by analogy. The effect of the statute is to declare the existing law, to make the statute of limitations as obligatory on courts of equity as on courts of law, and as applicable to equitable as to legal titles and demands. When applied to the one, or the other, if founded on the title to property, real or personal, a possession adverse to the title of the true owner must exist. There is no room for the operation of the statute of limitations if the possession is permissive, or in subordination to such title, as is the possession of the mortgagor, or his alienee with notice.

The only principle available to the mortgagor, is the presumption of payment of the mortgage debt, after the lapse of twenty years.—*Relfe v. Relfe, supra.* That period had not elapsed when this bill was filed, and (independent of the evidence of a partial payment within seventeen years), the presumption could not arise.

The appellant was entitled to a foreclosure, and the chancellor erred in not so decreeing. The decree must be reversed, and a decree here rendered declaring the complainant entitled to relief, and declaring the mortgage to him foreclosed, ordering an account of the amount of the mortgage debt, computing interest to the day of reporting such amount, and remanding the cause.

(MANNING, J., not sitting.)