# Richter v. Noll, *et al.*

*Bill in Equity to declare Deed Absolute on its Face a
Mortgage.*

1. *Bill to declare absolute deed a mortgage; parol evidence.*—A
   court of equity has jurisdiction to convert an absolute con-
   veyance, whether of real or personal property, into a mort-
   gage by proof that the parties intended it as only a security
   for a debt; and for this purpose parol evidence is admissible.
2. *Same; effect of transaction.*—When a deed absolute on its face
   is held by a court of equity to be merely a mortgage, the
   parties are clothed with all the rights, subject to all the lia-
   bilities and entitled to all the remedies of ordinary mort-
   gagors and mortgagees; the grantee going in possession
   being in realty a mortgagee in possession and accountable
   for the rents and profits.
3. *Same; statute of limitations.*—Where under an absolute deed
   intended only as a mortgage, the grantee goes into posses-
   sion and holds the same continuously under claim of owner-
   ship for a period of ten years, without accounting for the
   rents and profits or otherwise recognizing the title of the
   grantor, a bill in equity to establish such deed as a mort-
   gage is barred by the statute of limitations of ten years.
4. *Equity pleading; joint complainants; recovery by all or none.*
   It is a settled rule of equity pleading that all joint complain-
   ants must recover or none can.

APPEAL from the Chancery Court of Cullman.

Heard before the Hon. WILLIAM H. SIMPSON.

This was a bill in equity, and sought to have a deed
absolute on its face declared a mortgage, and to re-
deem. It alleged that the property conveyed, consist-
ing of both real and personal property, was worth

about $800.00, and that the recited consideration was $100.00.    It further alleged that the same was intended only as a mortgage, and was executed to secure the grantee as surety upon a bail bond for the grantor; that very little if any indebtedness was created or became due the grantee.

The other facts are stated in the opinion.

There was a motion to dismiss for want of equity, and a plea of the statute of limitations of ten years, together with an answer denying the material allegations of the bill.    The cause was submitted for final decree upon the pleadings and proof, and decree was rendered for the complainants.    From this decree the respondent appeals, and assigns the same as error.

T. M. WILHITE, for appellant.

J. B. BROWN and ALVIN AHLRICH, *contra.*

TYSON, J.—The bill in this case was filed to have a certain deed executed by the complainants' father to the respondent declared a mortgage and to redeem the property conveyed by it.    It is well settled in this State that a court of equity has jurisdiction to entertain such a bill and to grant the relief sought.    To this end parol evidence is admissible to convert an instrument appearing on its face to be an absolute conveyance of either real or personal property, into a mortgage, by proof that the parties intended it to operate only as security for a debt.    The ground on which a court of equity proceeds in receiving parol evidence to show an absolute conveyance to have been intended as a mortgage only, is, that it would be a fraud to permit the grantee to hold the property discharged of the trusts and conditions originally attached to the conveyance, and which he promised to perform.—2 Brick. Dig. 271, §§ 316-317.    "Whenever a deed absolute on its face is thus treated as a mortgage, the parties are clothed with all rights, are subject to all the liabilities, and entitled to all the remedies of ordinary mortgagors and mortgagees.    The grantee may maintain an action for the foreclosure of the grantor's equity of redemption; the

grantor may maintain an action to redeem and to compel a reconveyance upon his payment of the debt secured. If the grantee goes into possession, he is in reality a mortgagee in possession, and as such is liable to account for the rents and profits."—3 Pom. Eq. Juris. § 1196.

These principles applied to the averments of the bill in this case demonstrate the want of merit in the motion to dismiss it for want of equity predicated upon the theory that complainants had an adequate remedy at law.

It is only necessary to say of the allegations of the bill in which the respondent is charged with having procured the deed by fraud, imposition and duress, that they are unsupported by the evidence.

The relief granted, as shown by the decree of the chancellor, is based wholly upon the proposition that the conveyance from the complainants' father to the respondent, a deed absolute on its face, was intended merely as a security for a debt—a mortgage. And, indeed, it is the only possible relief that could have been granted under the averments of the bill, and the prayer. It may be well doubted whether the evidence was of such a character as that it can be said that the deed was intended as a security for a debt.—*Tenn. Coal, Iron & Railroad Co. v. Wheeler*, 125 Ala. 538; 28 So. Rep. 38; *Knaus v. Dreher*, 84 Ala. 319, and authorities therein cited. But if we concede that the evidence was sufficient, the defense of the statute of limitations of ten years invoked by the answer of the respondent will defeat the relief sought. This bill was filed on the 10th day of March, 1898. The deed assailed was executed on the 18th day of July, 1885, and recorded on the same day. The evidence without dispute shows that the respondent for more than ten years preceding the filing of the bill, without an account of rents and profits or other recognition of complainants' equity of redemption within that period, had been in the possession of the property conveyed to him claiming it as his own and dealing with it as such. The bill shows that the complainants were each over twenty-

[Richter v. Noll *et al.*]

one years of age at the date of its filing. Neither the pleadings nor the evidence shows *when* the complainants, respectively, reached their majority. There is, therefore, nothing averred or shown, which brings the case within the exception allowing three years additional time to infants, after arriving at the age of twenty-one years, to bring suits.—Code, § 2807. But independent of this, notwithstanding the evidence is meagre with respect to the age of the youngest one of the complainants, yet it does appear that he was between eight and ten years of age when their mother died. And while the evidence is silent as to the date of her death, it is inferentially shown that it occurred before the deed in controversy was executed. From this date, he must have been between twenty-one and twenty-three years of age when the bill was filed. The other three complainants being older, it is fair to assume that certainly one of them was more than twenty-four years of age. Indeed the evidence shows that the complainant Fortunatus Noll, during the years 1885 and 1886 resided in the city of New York, and the inference to be drawn from the letters which he wrote the respondent during those years, is, that he was over the age of twenty-one years at that time. At any rate, he was old enough to leave the parental roof and assume the responsibility of making his own living. So, it may be fairly said that the fact is, so far as he is concerned, affirmatively shown that he was over the age of twenty-four years when the bill was filed. This being true, unquestionably his right to maintain this suit was barred. As he cannot recover, the others cannot, upon the familiar principle that all complainants must be entitled to recover or none can.

Under any aspect of the case, the defense of the statute of limitations was clearly made out by the evidence and the respondent was entitled to a decree. *McCoy v. Gentry*, 73 Ala. 105; *Coyle v. Wilkins*, 57 Ala. 108; *Byrd v. McDaniel*, 33 Ala. 18.

The decree of the chancery court will be reversed, and a decree will be here rendered dismissing the bill.