# Love *et al.* v. Butler *et al.*

### *Bill in Equity to establish Title to Real Estate.*

1. *Vendor and purchaser; vendee equitable owner of land.*—A vendee of land, holding a bond for title, is in equity the owner of said land, and upon his death it descends to his heirs, or to those to whom he may have devised it by will.

2. *Same; statute of limitation runs in favor of vendor in possession as against vendee.*—The statute of limitations runs in favor of a vendor in possession against his vendee, after default in payment of purchase money.

3. *Same; same; when vendee barred.*—Where a vendee, holding a bond for title, enters into possession of the lands purchased and then breaches the bond by failing to pay the purchase money, the vendor is entitled to the possession of said lands; and if, thereafter, the vendor takes possession and retains it continuously for a period of ten years, without accounting for rents and profits, and without doing anything in recognition of the rights of the purchaser, his heir or devisees, such possession is adverse, and bars the right of the purchaser and those claiming under him.

4. *Same; same; same; rights of life tenant and her vendee.*—Where the vendee of lands, holding a bond for title, dies before he pays all the purchase money, and by will devises a life estate in said land to his wife and the remainder interest to his children, if, upon the widow paying the balance of the purchase money the vendor executes a deed to her convey-

[Love *et al.* v. Butler *et al.*]

ing the legal title to said lands and she by deed conveys the legal estate thereto to a third party, and such third party, as vendee of the widow, enters into possession of said lands and holds them continuously as his own, without any recognition of the rights of the remaindermen, for more than ten years from the death of the widow as life tenant, such possession is adverse to the remaindermen, bars their rights to said lands and invests the whole estate therein in the widow's vendee as the holder of such adverse possession.

5. *Statute of limitations; objection can be raised by demurrer.* Where a bill is filed in equity to enforce a claim which is *prima facie* within the bar of the statute of limitations, the objection to the enforcement of such claim, upon that ground, may be taken by demurrer.

6. *Same; burden of proof.*—Where a bill is filed to enforce a claim which is *prima facie* within the statute of limitations, the complainants must show by positive and specific allegations some act of recognition of the party sought to be charged, within the period which will take the case out of the rule; and mere general and vague averments of facts and circumstances, out of which the rights sought to be enforced arise, or on which recognition of it is sought to be based, is not sufficient.

7. *Equity pleading; misjoinder of parties complainant; statute of limitations.*—All the parties who join in a bill in equity as complainants must be entitled to recover, or none can; and where several parties are made complainants in a bill and the rights of one of them is barred by the statute of limitations, the relief prayed for can not be granted.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellees, William S. Butler, Julia, Albert E. and Mamie Butler, children of Enoch H. Butler, deceased, and grandchildren of General Butler, deceased, by P. E. Ramsey and C. M. Bennett, children of Adeline Butler Bennett, deceased, and grandchildren of said General Butler, deceased, against Victoria Love, Jackson V. Love and George Weinmann, guardian of Jackson V. Love. The complainants claim to be the owners of two-fourths interest in certain lands specifically described in the complaint, as devisees under the will of said General Butler, deceased, which will, as averred in the bill,

was duly admitted to probate in the probate court of Lawrence county. The items of said will having reference to the questions involved in the present litigation were as follows: "1st. I give and devise to my beloved wife, Matilda, all of my estate, consisting of lands, horses, mules, cows, hogs, sheep and any property in my possession at my death. Also at my death I give her leave to sell the land if she can not manage to pay for it. 2d. At the death of my wife, Matilda, I desire all my property to be sold and divided, each set of children to have their father's and mother's part," etc.

The facts of the case, as averred in the bill and which are necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The prayer of the bill was as follows: "That these complainants be decreed entitled to a two-fourths undivided interest in said land, that the said Jackson V. Love and his wife, Victoria Love, be directed to convey to these complainants an undivided two-fourths interest in said lands, and their failing therein, direct the conveyance to be made by the register of this court. And they pray for such other, further and general relief as they may be entitled under the facts of this case."

To this bill the respondent demurred and assigned as grounds of demurrer, (1) staleness of demand; (2) that the complainants' claim was barred by the statute of limitations of ten years; (3) that Jackson V. Love had acquired title to the land by adverse possession of ten years." The respondents also moved to dismiss the bill upon the same grounds, and also upon the further ground of want of equity in the bill.

Upon the submission of the cause upon the demurrer and the motion to dismiss the chanceller overruled each of them. From the decree overruling the demurrer and the motion to dismiss the respondents appeal, and assigns the rendition thereof as error.

ARTHUR L. BROWN, for appellants.—Under the averments of the bill, if any trust existed after Love purchased the land and went into possession under the re-

[Love *et al.* v. Butler *et al.*]

corded deed of absolute conveyance, it was not an *express trust,* but one arising from his wrongful act, and the defenses of staleness of demand, laches and statute of limitations are applicable.—*Tarleston v. Goldthwaite,* 23 Ala. 343; *Nettles v. Nettles,* 67 Ala. 599; *Johnson v. Johnson,* 5 Ala. 90-97; *Hume v. Beale's Exr.,* 17 Wall. 336; Story's Eq. Jur. (2d ed.), § 184 (a), § 1520 (a), § 1884; *Main v. Payne,* 17 Kan. 608; *Kennedy v. Kennedy,* 25 Kan. 151.

Section 2795 of the Code provides that actions for the recovery of lands, tenements or hereditaments, are bound by the limitation of ten years, and is made expressly to suits in equity.—*Thompson v. Parker,* 68 Ala. 387; *Scruggs v. Decatur Min. & Land Co.,* 86 Ala. 173; authorities cited *supra.* Courts of equity upon principles of public policy, though the case may not be strictly within the operation of the statute of limitations, will repudiate as stale a claim of a party who has for an unreasonable time slept upon his rights, and acquiesced in the assertion and exercise of adverse rights.—*Nettles v. Nettles,* 67 Ala. 599; *Harrison v. Heflin,* 54 Ala. 552; *James v. James,* 55 Ala. 525; *Phillipi v. Phillipi,* 61 Ala. 41; *Scruggs v. Decatur Min. Land Co.,* 86 Ala. 173.

Implied or constructive trusts are within the operation of the statute of limitations, and all remedies for their enforcement are barred which would bar a corresponding legal right or remedy in cases of law. *James v. James,* 55 Ala. 525; *Sanche v. Webb,* 97 Ala. 111; 6 Am. & Eng. Ency. Law, 711.

KIRK & RATHER, *contra.*—In cases where the vendor conveys the legal title and takes notes for the purchase money, the vendee is regarded as a trustee for the vendor holding the title for his benefit.—3 Brick. Dig., 613, § 44.

When the vendor retains the title he holds it as security for the money, the transaction has the essential elements of a mortgage, and in that case the vendor holds the legal title in trust for the vendee.—*Hester v. Hunnicut,* 104 Ala. 286.

[Love *et al.* v. Butler *et al.*]

When a third party buys the land with notice of the vendor's contract to convey it to another, such third party takes it subject to all equities growing out of such contract.—4 Wis. 98, cited in 28 Am. & Eng. Ency. Law, 108-9. "He who takes a legal title with notice of a prior equitable title is trustee for him who holds the equitable title."—28 Am. & Eng. Ency. Lew, 109, note 2; *Glover v. Forsher*, 11 Ill. 666; *Walker v. Cox.*, 25 Ind. 272; *Mitchell v. Peters*, 18 Iowa 119.

In *Muldron v. Muldron*, 2 Dana (Ky.) 387, the court said: "Nothing can be better settled than that after the contract for the sale of real estate, the vendor is to be deemed a trustee of the estate for the purchaser and the vendee is a trustee of the purchase money for the vendor and that the death of either, even before the time agreed on for the completion of the contract, does not alter his relative attitude." See also 28 Am. & Eng .Ency. Law, 109, note 1; *Wright v. Tinsley*, 30 Mo. 389; 37 Am. Rep. 438; 3 Johns. Chancery, 316.

The possession of the trustee is considered to be also the possession of the beneficiary and is consequently not hostile or adverse within the meaning of the statute until there is an open disclaimer of the trust which must be brought to the knowledge of the beneficiary with unquestionable certainty.—*McCarty v. McCarty*, 74 Ala. 553. The only trusts not within the operation of the statute of limitations are those which are peculiarly the subject of equity jurisdictions.—*Many v. Mason*, 8 Port. 211.

The statute of limitations will not run against a minor in cases of this kind.—*Thompson v. Hart*, 105 Ala. 263.

In the case of *Wilson's Admr. v. Holt*, 91 Ala. 204, the court held that nothing short of the statute of limitations of twenty years would defeat a suit if this kind.

TYSON, J.—It seems to be conceded, at least not questioned, that Matilda Butler, the widow of the testator, took a life estate in the land under the will of her husband, and the complainants took a remainder.

Butler, the testator, purchased the land, by paying

two thousand dollars. in cash, and executing his two promissory notes for two thousand dollars each, and went into possession. He paid one of the notes, and made a partial payment on the other, leaving a balance due upon it of some fourteen or sixteen hundred dollars at the date of his death in 1879. The sale and purchase was effectuated by the payment of the cash and the execution of the notes by Butler to the vendors, who executed to him a bond for title covenanting to convey title to him of the land upon the payment by him of the purchase money notes. On the 16th day of April, 1881, the life tenant paid to the vendors the balance of the purchase money and they executed to her a deed to the land conveying the legal title thereto. On the 18th day of April, 1881, Matilda Butler executed a deed to one of the respondents, J. V. Love, conveying the legal title to the land to him. The life tenant died in the year 1884 or 1885. Love immediately took possession of the land under the conveyance to him and remained continuously in the possession of it up to March, 1897, collecting the rents for it, when he was declared a *non compos mentis*, since which time his wife has been in the possession of it, collecting the rents. This bill was filed July 18th, 1900.

From the foregoing statement of facts it will be observed that nearly fifteen years elapsed between the death of the life tenant and the filing of the bill, and nearly nineteen years since the execution of the deeds by the vendors to Matilda Butler and by her to Love. These conveyances were recorded, respectively, April 21st, 1881, and April 23d, 1881.

The theory of the bill is that the vendors by reserving the legal title to the land as a security for the payment of the purchase money, were trustees for the testator and that after his death, they became trustees for the complainants as remaindermen under his will. That by the acceptance of the deed from them Matilda Butler acquired the legal title to the land subject to the trust and became a trustee, and that Love also became a trustee by acquiring the legal title from her, it being averred that he had full knowledge of the facts. The

[Love *et al.* v. Butler *et al.*]

main defense invoked by the demurrer to the bill is the statute of limitation of ten years. "The vendor of the lands, not parting with his estate, retains it as a security for the payment of the purchase money. To the contract of sale, in such case, all the essential ingredients of a mortgage attach."—*Stringfellow v. Ivie,* 73 Ala. 209; *Hester v. Hunnicutt,* 104 Ala. 285.

In *Bankhead v. Owen,* 60 Ala. 467, it is said: "There can be no just and proper distinction drawn between a mortgage to secure the payment of the purchase money, executed contemporaneously with the conveyance of the land, and a reservation of the legal estate, as a security for its payment."

In *Conner v. Banks,* 18 Ala. 44, this principle is stated in this language: "It is a well settled rule, that the vendor of real estate, who has not executed a deed to the purchaser, holds the legal title as a security for the payment of the purchase money; and if he has executed a bond to make titles when the purchase money is paid, the contract in a court of equity will be considered in the nature of a conveyance to the purchaser and a reconveyance back, by way of mortgage."

To the same effect is *Haley v. Bennett,* 5 Port. 452; *Chapman v. Chunn,* 5 Ala. 397; *Kelly v. Payne,* 18 Ala. 371; *Lowery v. Peterson,* 75 Ala. 109.

It is clear from the principles announced in the cases cited above, that the reservation of the legal estate by the vendor, as a security for his debt, is in equity nothing more than an equitable mortgage. The vendee is the owner of the land, and on his death, it descends to his heirs or to those to whom he may have devised it by will. The vendor is the owner of the purchase money and this claim on his death passes to his executor or administrator.—3 Pom. Eq. 1261. The vendor is in a sense the trustee for the vendee as is the vendee a trustee for the vendor. But the relation of trustee and *cestui que trust* is of the same nature and character as that which exists between mortgagor and mortgagee. After the law day of the mortgage, the mortgagee is clothed with the legal title, with an immediate right to the possession. So in the case of vendor and purchaser, under a contract such as is disclosed in this case, the vendor has

the legal title and upon a breach of a condition of the
bond by the purchaser is entitled to the possession.
Should he take possession, there can be no doubt but
that the purchaser has the right to redeem the lands,
just as a mortgagor would have in case the mortgagee
takes possession. And if the vendor does take posses-
sion and retains it continuously. for a period of ten
years, without accounting for the rents and profits
or other recognition of the rights of the purchaser,
his heirs or devisees, their rights are barred. This
principle is well settled by several decisions of this
court involving the rights of mortgagors and mort-
gagees. And on this point this case cannot be dis-
tinguished from the doctrine declared in those.
*Humphres v. Terrell*, 1 Ala. 650; *Byrd v. McDaniel*, 33
Ala. 18; *Coyle v. Wilkins*, 57 Ala. 108; *McCoy v. Gen-
try*, 73 Ala. 105; *Richter Noll*, 128 Ala. 198. Indeed,
in *Relfe v. Relfe*, 34 Ala. 505, this court said: "So far
as the question of staleness, as well as most other ques-
tions is concerned, the vendor of land stands precisely as
a mortgagee." It is true the expression quoted was used
with reference to the right of the purchaser to defeat
the lien of his vendor by invoking the defense of the
statute of limitations of ten years. But it is neverthe-
less decisive of the question, so far as the statute of
limitations is involved, of the relation that exists be-
tween them. If ten years' possession by the vendor,
without recognition of the purchaser's rights, will bar
a recovery by the latter, of necessity, this rule holds
good in the case of a sub-vendee of the original vendor.
It may be conceded, for the purposes of this case, that
Matilda Butler was only entitled to a life estate, and
as against the complainants she could have never ac-
quired the title to the fee by adverse possession—a
question, however which we do not decide—but it by
no means follows that Love, her grantee, could not
acquire the whole estate by his possession for fifteen
years under her deed to him which conveyed the legal
title to the whole estate in the land, if during that
period he did not recognize the rights or claims of the
complainants. It is now well settled, that if the case

stated in the bill is *prima facie* within the bar of the statute of limitations, objection on that ground may be taken by demurrer.—3 Brick. Dig., 366, § 468. So, too, it is well settled that where a right or claim is sought to be enforced, *prima facie* within the operation of the statute of limitations, the complainants must show by positive and specific allegations some act or recognition by the respondent, who is sought to be charged, within the period which will take the case out of the rule.—3 Brick. Dig., 366, § 464. No such act or recognition by Love is alleged in the bill under consideration.—*McCoy v. Gentry, supra; Byrd v. McDaniel, supra.* It may be said that the facts averred showing possession by Love under a conveyance of the legal title are not sufficient to constitute an adverse possession by him. The answer to this contention is found in *Byrd v. McDaniel, supra,* which we quote: "The reply to this is, that the possession of the mortgagee, without any recognition of his relation to the mortgagor, is adverse. * * * The mortgagee, after forfeiture, has the legal title; a title which, in the eye of a court of law, is deemed complete. Equity attaches to his relation to the mortgagor the duty of an account of the profits, and a credit upon the debt of all the accruing profits. If he holds without the performance of the duty imposed by law and does none of those things which recognize the relation, his possession is deemed to be adverse and to be referable to the title which he has at law and not to the qualified title which he has in equity." Applying this principle to the averments of the bill in hand, the conclusion is that Love's possession was adverse, at least since the death of the life tenant.

The bill shows that all of the complainants except William S. Butler were minors at the date of the death of the testator, which occurred at least twenty years before it was filed, and, it may be, twenty-one years before its filing, and all of them were adults at the date of its filing. It may be that it cannot be affirmed that all the minors had passed the age of twenty-four years at the date of the filing of the bill, but as they are joined as complainants with William S. Butler

[McGhee *et al.* v. Reynolds.]

whom the bill shows is barred, they cannot recover. *Richter v. Noll*, 128 Ala. 198; *Loveman v. Hutchinson*, 106 Ala. 418.

The decree overruling the demurrer invoking the statute of limitations of ten years will be reversed, and a decree will be here rendered sustaining it.

Reversed and rendered.