### John W. Greene *vs.* George Dispeau.

A. transferred to B. certain corporate stock vesting the legal title in B., who held it as a chattel mortgage. After default by A. in the conditions of the mortgage, and after B. had subsequent to such default held and treated the stock as his own for more than six years, A. filed a bill in equity to redeem :

*Held,* that the bill could not be sustained.

*Query,* whether equity should not follow law in such a case, and pursuant to Pub. Stat. R. I. cap. 176, § 11, hold the mortgage irredeemable at the end of sixty days after default made.

Bill in Equity to redeem certain corporate stock.

*December* 20, 1884. Durfee, C. J. This is a bill to redeem sixty five shares of the capital stock of the American Ship Windlass Company, of the par value of one hundred dollars per share, which, on July 15, 1874, were transferred by the trustee of Joseph P. Manton, the complainant's assignor, to the defendant as security for a promissory note for $5,000, indorsed by the defendant and negotiated at bank for Manton's accommodation. The stock was transferred to the defendant, absolutely in form, on the company's transfer book, and a certificate of ownership was issued to him. He gave Manton, however, a receipt in writing wherein he agreed to renew his indorsement from time to time so as to enable Manton to carry the loan for one year, and wherein he further agreed that upon payment of the note by Manton and release of himself from liability at the end of the year, but not otherwise, he would retransfer said sixty five shares to Manton. The note was given for four months, and was renewed for four months from time to time, with the defendant's indorsement, until November 25, 1875. The renewal note of November 25 matured in the spring of 1876, and, the defendant being absent from the State, was dishonored. The defendant on his return on June 19, 1876, took up the note, paying it in full with interest and notarial expenses. The defendant testifies that soon after this Manton agreed with him that he should have the shares, then worth less than par, for payment, and accordingly surrendered the receipt to him, and he

destroyed it. Manton denies this, and testifies that he simply agreed to let the defendant pledge the stock as security for a loan which the defendant was anxious to obtain, and that he cannot produce the receipt because it was among the contents of a box which has been stolen. The defendant is corroborated not only by the fact that he has ever since held the stock, voted on it, and received the dividends, but also by the testimony of two witnesses, one testifying that in the fall of 1876, when the corporation was on the eve of an election, Manton repeatedly told him that he, Manton, had no claim on the stock, and the other testifying that at a later election Manton told him that he, Manton, had no claim on the stock; whereas Manton is corroborated by only one witness, who testifies that in 1881 the defendant told him that he took the stock for security, and, being pressed, further testified, rather vaguely, that he understood the defendant to say or mean that he was still holding it as security. The testimony seems to preponderate in favor of the defendant. But however that may be, there is no evidence except the testimony of the last mentioned witness, which being contradicted by the defendant cannot be trusted, that the defendant has recognized any right in Manton or treated the stock otherwise than as his own since June or July, 1876, a period of more than six years before this suit, which was begun December 9, 1882. The defendant contends that in these circumstances the right to redeem has expired, or has been lost by *laches*, limitation, or estoppel.

We are very clear that the transfer of the sixty five shares vested the legal title in the defendant, and that it must therefore be regarded, not as a mere pledge, but as a chattel mortgage. Jones on Mortgages, § 4. As a mortgage it became irredeemable at law sixty days after default under the statute. Pub. Stat. R. I. cap. 176, § 11.[1]

The statute, however, contemplates that the mortgage may be

---

[1] As follows :

SECT. 11. Whenever the condition of any mortgage of personal property has been broken, the mortgagor or any person lawfully claiming or holding under him may redeem the same at any time within sixty days thereafter, unless the property shall in the mean time have been sold, in pursuance of the contract between the parties.

redeemable in equity after it ceases to be redeemable at law. Pub. Stat. R. I. cap. 176, § 13,[1] and cap. 223, § 4.[2]

The complainant contends that the right in equity continues indefinitely unless the mortgage is foreclosed by sale or otherwise. This view may be supported by a few *dicta*, but the general current of decision is against it. Undoubtedly the right in equity will continue as long as the mortgagee continues to recognize the mortgage as subsisting; but when the mortgagee, having possession, ceases, after default, to recognize the mortgage as subsisting and deals with the property as his own, it is, according to the great preponderance of authority, for the mortgagor, if he wishes to redeem, to bring his suit to redeem within a reasonable time. As to what is a reasonable time, the cases are not very clear. Mr. Jones, in his treatise on Chattel Mortgages, says that " reasonable time may well be determined by analogy to the statute of limitations applicable to actions at law for the recovery of personal property." Jones on Chattel Mortgages, § 687. The time within which a real property mortgage may be redeemed is limited to twenty years, after the mortgagee in possession ceases to recognize the mortgage as subsisting, from analogy to the statute of possessions. If in like manner we determine the time for chattel mortgages from analogy to the statute of limitations of personal actions, the right to redeem will cease at the expiration of six years. This has been adopted as the rule in Alabama: *Humphres* v. *Terrell*, 1 Ala. 650; *Byrd* v. *McDaniel*, 33 Ala. 18; and is recognized as a proper rule in Missouri. *Perry* v. *Craig*, 3 Mo. 516. Evidently twenty years

---

[1] As follows:

SECT. 13. Any person entitled in equity to redeem any mortgaged property, whether real or personal, may prefer a bill to redeem the same to the Supreme Court in the county in which the real estate sought to be redeemed is situated, or in which the mortgagor of personal property may reside if in this State, and if not, then in any county in this State, which bill may be heard, tried, and determined by said court, according to the usages in chancery and the principles of equity.

[2] As follows:

SECT. 4. Personal estate, when mortgaged and in the possession of the mortgagor, and while the same is redeemable either at law or in equity, may be levied on by execution against the mortgagor in the same manner as on his personal estate.

is unreasonably long; for personal property is not permanent and indestructible like real estate, but ordinarily it is movable, liable to be lost, perishable from use or time, and, even when it consists of shares of stock, subject to great fluctuations in value. If six years is long enough for an action at law, when personal property belonging to one person has been appropriated by another, we see no reason why, in the absence of fraud or some other special ground of equitable relief, six years is not likewise long enough for the institution of a suit to redeem a chattel mortgage, when the mortgagee in possession, having an absolute title at law, ceases to recognize any right in the mortgagor and treats the property as his own. Indeed it is difficult to see why, in such a case, equity should not follow the law and hold the mortgage irredeemable at the end of sixty days after default. In the case at bar, the mortgage, construing it as favorably as possible for Manton, ceased to be redeemable at law considerably more than six years ago. There is no evidence, satisfactory to us, that the defendant has, during this period, ever recognized the mortgage as subsisting. The statute of limitations has run against any claim which he has for the payment of the mortgage note. There is no reason to believe that any suit to redeem the sixty five shares would ever have been brought if they had not greatly risen in value. It would be unreasonable, in our opinion, to permit a redemption under such circumstances after such a lapse of time. The bill must be dismissed with costs. *Decree accordingly.*

*Charles E. Gorman,* for complainant.

*Edwin Metcalf,* for respondent.