# The State of Alabama *v.* Conner.

*Statutory Real Action in Nature of Ejectment.*

1. *Possession by mortgagor or his alienee against mortgagee; when not adverse.*—As the mortgagor does not hold adversely, but in subordination to the title of the mortgagee, the presumption is. that an alienee of the mortgagor holds in the same right, and asserts no higher, or independent title. If, therefore, such transaction be left to its own legal intendments, the presumption is, that the alienee, like his vendor, holds in recognition of, and subordination to the prior and paramount title of the mortgagee.

2. *Same; when it becomes adverse.*—To convert such possession into an adverse holding, there must be a renunciation or disclaimer of the mortgagee's right, and such renunciation or disclaimer must be traced to his knowledge.

3. *Vendor and vendee; character of vendee's possession under bond for title.*—The rule is different, however, when lands are sold, or contracted to be sold, by executory agreement, and no title is made to the purchaser. In such case, if the purchaser be in possession, he holds, and can hold only as a tenant at sufferance to the vendor, and may be evicted at his will and pleasure.

4. *Same; possession of vendee independent and adverse.*—One who acquires possession under a conveyance from an executory purchaser, in fact acquires no title whatever, but takes the possession under title simply colorable. Such possession, however, not being in subordination to the true title, but in disregard of it, is independent and adverse, and, if permitted to continue for ten years, will ripen into a title which will defeat or maintain an action of ejectment.

5. *Bona fide purchaser without notice; what necessary to constitute.*—To maintain the defense of a *bona fide* purchase without notice, the purchaser must not only show a conveyance to himself, but he must go further, and prove that his grantor was seized of a legal title, superior to that shown

[The State of Alabama v. Conner.]

by the plaintiff; and he is charged with notice of every defect, which an examination of his vendor's chain of title would disclose.

6. *Adverse possession; defense of not dependent on a bona fide purchase.* The defense of adverse possession does not depend on sufficiency of title. It does not rest on any documentory title whatever, but impliedly concedes that the possession had its inception, not in right, but in wrong.

7. *Same.*—The gist of such defense is, that the defendant and those under whom he claims, have held continuous adverse, or independent possession for ten years next before the suit was brought.

APPEAL from Washington Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was a statutory real action in the nature of ejectment; was brought by the State, for the use of township eighteen, range three, west, against Mrs. Martha E. Conner, for the recovery of a quarter section of land situated in section sixteen of said township and range, and was commenced on the 13th of September, 1880. The defendant pleaded (1) not guilty, and (2) "in short by consent, that she has been in the quiet, peaceable, and open, adverse possession of the land sued for, for more than ten years prior to the commencement of this action, and before the 30th of November, 1876, under *bona fide* claim and color of title, by deeds of conveyance from Thos. L. Whitsett, E. S. Dargan, James White, and the school commissioners of said township eight, mentioned in said complaint." A demurrer to the second plea having been overruled by the court, the plaintiff joined issue on the first plea, and replied to the second, in substance, (1), that the defendant set up adverse possession under claim of title from school commissioners, and that the purchase-money therefor has never been paid; (2), that neither the defendant nor those under whom she claims ever gave to the plaintiff notice of claim of title adverse to plaintiff, and that the purchase-money for said land has not been paid; and (3), that the plaintiff sued on the notes given for the purchase-money of the said land, and the recovery in that suit was defeated "by the plea of the statute of limitations and the verdict and judgment in defendant's favor in that suit, by which defendant avoided the contract of sale for the purchase-money of said lands." To these several replications the defendant interposed demurrers, which were sustained by the court, and the cause was then tried on issue joined upon the plea of not guilty, and the trial resulted in a verdict and judgment for the defendant.

The evidence introduced on the trial showed, that on the 27th of December, 1859, the plaintiff, having the title to, and possession of the land sued for, sold it to James White, and took his notes, with sureties thereon, for the purchase-money, and entered into a written agreement with him, that no title was to pass until the purchase-money was paid; that no deed was in fact

[The State of Alabama v. Conner.]

executed to him; that plaintiff instituted suit on said notes, but a recovery was defeated "by the plea of the statute of limitations," and that defendant was in possession of said land at the time this suit was commenced. The value of the rents was also shown. The defendant then read in evidence, (1) a deed executed by James White to Roxana Dargan, dated July 20th, 1863, (2) a deed executed by Roxana Dargan and E. L. Dargan to T. L. Whitsett, dated December 31st, 1866, and (3) a deed executed by T. L. Whitsett to H. W Conner, dated January 23d, 1867. Each of these deeds was duly acknowledged and recorded, and contained covenants of warranty. To the introduction of each of these deeds the plaintiff objected on the ground that the defendant had failed to prove that the original purchase-money had been paid to plaintiff. The court overruled the objection, and plaintiff excepted. The defendant also proved, against the plaintiff's objection, the payment by H. W. Conner of the purchase-money for the lands to Whitsett under his purchase; that W. H. Conner was dead; that defendant was his widow and claimed under him, and that she and those under whom she claims "have been in possession of the land sued for openly and notoriously, paying taxes on it, and exercising acts of ownership over it, as her own land, against the claims of all persons, ever since the dates of the above mentioned deeds, and such claim has been, and is made under said deeds of purchase aforesaid." This being substantially all the evidence introduced on the trial, the plaintiff asked the court in writing to charge the jury as follows: 1. "If the evidence in this case shows to the jury that this action is brought for the recovery of sixteenth section school lands belonging to the township, then the plea of the statute of limitation of ten years does not apply in this case." 2. "If the possession of the defendant is claimed to be held under the deeds in evidence, and under certificate of the commissioners of the township in which the lands sued for lie, the possession is not adverse to plaintiff until the purchase-money due the plaintiff has been paid to plaintiff." 3. "If the party who bought the land sued for from the township trustees, as part of the sixteenth section lands of said township, and under whom defendant claims, defeated a recovery, when sued on the notes for the purchase-money, on any other grounds than that of payment, then the defendant thereby avoided the contract of sale, and the title reverted to the State, and the verdict should be for the plaintiff." The court refused these charges, and the plaintiff duly excepted.

The rulings of the Circuit Court above noted are here assigned as error.

H. C. TOMPKINS, Attorney-General, and WATTS & SONS, for

[The State of Alabama v. Conner.]

appellant.—(1). The demurrer to the second plea should have been sustained. This court is bound judicially to know, that the legal title to the land was vested in the State, and that the school commissioners could not have legally made any deed, even if the purchase-money had been paid.—*Brown v. Lang*, 4 Ala. 50. But the plea was wholly insufficient, because it did not set forth the facts, but merely legal conclusions. It shows that the purchaser from the school commissioners held in subordination to the State, and to show an adverse possession sufficient to cause the statute of limitations to commence running, the plea should have set forth facts, showing that the allegiance arising from the subordinate relation had been repudiated, and notice brought home to the holder of the legal title. (2). The holder of a bond for titles can not hold adversely to the seller, until the purchase-money is paid (*Ivey v. McQueen*, 36 Ala. 308); or until he throws off the allegiance due to the seller, and brings notice home to him.—*Coyle v. Wilkins*, 57 Ala. 108. The buyer of sixteenth section lands stands in a less favorable attitude to the township than a mortgagor does to the mortgagee. No title whatever vests in the purchaser of sixteenth section lands until the payment of the purchase-money.—Code of 1876, §§ 987–9. (3). Whoever buys land from one in possession holding under a bond for titles, or under other instrument showing subordination to another, is bound to take notice of the rights of the holder of the legal title.—*Bradford v. Harper*, 25 Ala. 337; 2 Brick. Dig. p. 520, § 184. Such was the relation of White, and through him and the intermediate holders, of Mrs. Conner. (4). *Miller v. The State*, 38 Ala. 600, is not inconsistent with this position, in view of the difference in the facts. Possession does not become adverse to the title of the paramount owner until the possessor repudiates his relation of subordination, accompanied by open, notorious, hostile possession, and brings notice home to the holder of the paramount title, of such repudiation and hostile possession.— *Wilkins v. Coyles, supra; Boyd v. Beck*, 29 Ala. 703; *Byrd v. McDaniel*, 33 Ala. 18; *Herbert v. Hanrick*, 16 Ala. 581; *Shorter v. Smith*, 56 Ala. 210; *Ormond v. Martin*, 37 Ala. 598; Angel on Lim. § 384; *Harrison v. Pool*, 16 Ala. 167; *Benje v. Creagh*, 21 Ala. 151; *Knight v. Bell*, 22 Ala. 198.

L. H. FAITH, *contra*. (No brief came to the hands of the reporter.)

STONE, J.—When a mortgagor, after the execution of the mortgage, makes sale of the mortgaged premises to a third person, who has notice, actual or constructive, of the prior mortgage, the presumption is that he sells only the interest remain-

ing in him, which is an equity of redemption. And, as the mortgagor does not hold adversely, but in subordination to the title of the mortgagee, the presumption is that the alienee of the mortgagor holds in the same right, and asserts no higher, or independent title. So, if such transaction be left to its own legal intendments, the presumption is that the alienee, like his vendor, holds in recognition of, and subordination to the prior and paramount title of the mortgagee. This, without more, is not an adverse holding, which will ripen into a title at the end of ten years of continued occupation. To convert such possession into an adverse holding, there must be a renunciation or disclaimer of the mortgagee's right, and that renunciation must be traced to his knowledge. Till that is done, such possession is not regarded as adverse.—*Foster v. Goree*, 5 Ala. 424; *Herbert v. Hanrick*, 16 Ala. 581; *Boyd v. Beck*, 29 Ala. 703; *Byrd v. McDaniel*, 33 Ala. 18; *Coyle v. Wilkins*, 57 Ala. 108.

. . The rule of decision is different, however, when lands are sold, or contracted to be sold, by executory agreement, and no title is made to the purchaser. In such case, if the purchaser be in possession, he holds, and can hold only as a tenant at sufferance to the vendor, and may be evicted at his will and pleasure.

The two titles or claims, noticed above, are in many respects dissimilar. Each claimant, it is true, is in some respects the owner of a mere equitable claim, but the equities are of different characters. The mortgagor's equity consists in the right to redeem; but when the mortgage debt is paid, and satisfaction entered on the record of the mortgage, the legal title, without any re-conveyance, re-vests *eo instanti* in the mortgagor. So, if the mortgagor sell and convey the premises by deed with covenants of warranty, express or implied, and afterwards pay the mortgage debt, and have satisfaction entered of record, the legal title would by that very act, without re-conveyance, vest in his grantee.—*Abraham v. Chapman*, 61 Ala. 108. In fact, as to all the world except the mortgagee, the mortgagor is treated as the owner of the lands.—Jones on Mortgages, § 11. So, the mortgagor has a valuable interest in the land, which he can sell and convey. With a purchaser, holding an obligation to make title, say, when the purchase-money is paid, the status of the title is entirely different. He is not the legal owner as against any one, and strictly has no title, legal or equitable, which he can sell and convey. He has an obligation for title when certain conditions are performed; and when he does fulfil those conditions, he will have an equity; but not an equity which will become a legal title, when the condition is performed. Never having had title, it requires a conveyance or its equivalent to vest a title in him. True, while the agreement remains

[The State of Alabama v. Conner.]

executory, he may transfer his rights under the contract, by assigning the obligation to make title. And a conveyance of the land by such purchaser, although inoperative as a conveyance of title, would, in equity, transfer to the grantee the same equitable rights, as an assignment of the title bond would convey ; a right to perform the condition precedent, and thus perfect an equitable claim to demand a title. But, as à transfer of title, a conveyance made by such executory purchaser would vest no title in the grantee, for the obvious reason that such grantor would have no title to convey. A bond to make title not only fails to convey title, but it confers no power to acquire a title by any process known to legal forums. The only redress law courts can administer in such cases, is to award pecuniary damages for the breach of the condition of the bond.

The effect of these ascertained principles is, that one who acquires posssession under a conveyance from an executory purchaser takes it under title simply colorable, and, in fact, acquires no title whatever. Such holding, not being in subordination to the true title, but in disregard of it, we have held that it is independent and adverse ; and if permitted to continue ten years, it ripens into a title which will defeat or maintain an action of ejectment.—*Miller v. The State*, 38 Ala. 600 ; *Tayloe v. Dugger*, 66 Ala. 444.

There is a line of decisions invoked in this case, which rest on impregnable grounds. but relate to an entirely different principle. We refer to the defense of *bona fide* purchase without notice. It is very true, if Mrs. Conner's defense rested on that ground, she has entirely failed to make it good. To maintain such defense, the purchaser must not only show a conveyance to himself, but he must go farther and prove that his grantor was seized of a legal title, superior to that shown by plaintiff. And he is charged with notice of every defect, which an examination of his vendor's chain of title would disclose. If, as is claimed in this case, title never passed out of the State to White, the first purchaser, an examination of Whitsett's chain of title would have disclosed the absence of this first, and most important link in the chain. This would have invalidated her title, and would have been fatal to her plea of *bona fide* purchase.—*Bradford v. Harper*, 25 Ala. 337 ; 2 Brick. Dig. 520, § 184; *Coyle v. Wilkins, supra*. But the defense does not rest on a *bona fide* purchase without notice. If it did, and were made out, the defendant would not require the aid of the statute of limitations. That defense does not depend nor rely on original sufficiency of title. It relies on no documentary title whatever,. and impliedly concedes that the possession had its inception not in right, but in wrong. The gist of it is, that the defendant and those under whom he claims, have held

continuous adverse, or independent possession for ten years next before the suit was brought.—*Collins v. Johnson*, 57 Ala. 304.

The Circuit Court did not err in refusing the charges asked.

Affirmed.