[Hollis v. Harris.].

# Hollis v. Harris.

*Bill in Equity to Enjoin Statutory Action in Nature of Ejectment.*

1. *Alteration of written instrument without consent of maker.*—When, without the consent of the maker, the name of the covenantee has been erased from a written instrument and the name of another person substituted in its stead, the instrument is not binding upon the maker in favor of such other person.

2. *Estoppel against maker of instrument altered without his consent.* The grantors in an undelivered deed, in which A. was named as the grantee, by leaving it in the possession of another person, do not confer upon such person apparent authority to give effect to the deed by delivering it to a third person whose name, without the consent of the grantors, was substituted as grantee in place of A.'s, and, in such case, there is no ground of estoppel against the grantors in favor of the substituted grantee.

3. *Defectively executed deed given effect as agreement to convey.*—A deed in which a widow, the owner of a dower interest in the land described, is, alone, named as grantor, but which contains the clause, "my children is of lawful age, and will sign the deed for themselves, making a lawful title," if signed by a son of the widow, though it is not acknowledged by him according to the statutory form, will be given effect as an agreement by him to convey and, as such, will be specifically enforced against him.

[Hollis v. Harris.]

APPEAL from the Chancery Court of Pike.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed by Carrie Hollis, the widow of Ezekiel Hollis, deceased, and R. A. Hollis and others, the heirs at law of said Ezekiel, against E. W. Harris, Thomas J. Harris, and others, heirs at law of W. T. Harris, deceased; and its purpose was to have the defendants enjoined from prosecuting a statutory action in the nature of ejectment which they had commenced for the recovery of certain land mentioned in the bill, and to have the legal title to the land divested out of the defendants and vested in the complainants. The bill alleged that W. T. Harris died seized and possessed of the land in question; that after his death, his widow, S. M. Harris, who has since died, and all his heirs at law, except the defendant T. J. Harris, executed to said Ezekiel Hollis in his life time the deed to the land in question, a copy of which was made an exhibit to the bill. This deed commenced as follows: "Know all men by these presents, that I, Mrs. S. M. Harris, widow of W. T. Harris, deceased, in the county of Pike and State of Alabama, in consideration of seven hundred dollars to me in hand paid by E. Hollis, in the county of Pike and State of Alabama, the receipt whereof is hereby acknowledged, do hereby give, grant, bargain, sell, and convey unto the said E. Hollis," etc. No other grantor was mentioned in the body of the deed. The bill further alleged that the defendant Thomas J. Harris did not join with the other defendants in the execution of this deed, but executed another deed to Ezekiel Hollis, a copy of which was also made an exhibit to the bill. This instrument was similar in terms to the one signed by the other defendant, Mrs. S. M. Harris, alone, being named as the grantor. It was not signed by her, but was signed by T. J. Harris and his wife. Their acknowledgment of the execution of the instrument was not in the form prescribed by the statute. The bill alleged that Ezekiel Hollis died owing no debts, and that there has been no administration upon his estate. A temporary injunction was issued on the filing of the bill. As stated in the opinion, the defendants, except T. J. Harris, filed a sworn answer denying the material allegations of the bill. The defendant T. J. Harris incorporated in his answer a demurrer to the bill, on the ground that the deed which purported to be signed by him was neither witnessed nor acknowledged as required by law. The cause was submitted on motions by the defendants to dissolve the injunction on the denials of the answers, and to dismiss the bill for want of equity.

[Hollis v. Harris.]

From a decree dissolving the temporary injunction the complainants appeal.

GARDNER & WILEY, for appellants.

PARKS & GAMBLE, contra.

WALKER, J.—The foundation of the claim to relief against the respondents, who are the appellees here, is that they signed the deed of Mrs. S. M. Harris to Ezekiel Hollis, and thereby bound themselves to convey the lands therein described to him, though the instrument was ineffectual as a legal conveyance by them.

The respondents, except T. J. Harris, by their sworn answer deny in sweeping terms that they signed, executed or delivered the instrument relied on. They aver that one Perry Rowe was the grantee in the instrument which they signed, that said Rowe backed out, and refused to take the same; that the instrument was never delivered to him, but was left with their mother, Mrs. S. M. Harris, to be destroyed. They aver that, after this instrument was signed by them, without their knowledge or consent, the name of Rowe therein was erased, and the name of E. Hollis was inserted instead. Their answer shows explicitly that they were not parties to any contract to convey to said E. Hollis. The instrument, as altered without their knowledge or consent, is not binding on them. The conveyance to Rowe to which they consented, and which they signed, was never consummated by delivery. They never consented to be bound by a conveyance to the person under whom the appellants claim. They had the undoubted right to determine to whom they would consent that the land be conveyed by them. Even if the conveyance to Rowe had been consummated by delivery, their signature thereto would not have subjected them to an obligation to convey to E. Hollis, if, without their consent, Rowe's name was erased from the instrument, and the name of Hollis substituted in its place. When the instrument as thus altered is made the basis of a suit against them, a complete defense is furnished by proof that they never entered into the contract on which they are sought to be charged. Even if the contract had been made, its legal identity has been destroyed by the unauthorized alteration.—*Montgomery v. Crossthwait*, 90 Ala. 570; *Schintz v. McManamy*, 33 Wis. 299. In leaving with their mother the deed in which Rowe was named as grantee, the respondents can not be said to have clothed her with apparent

[Hollis v. Harris.]

authority to give effect to the instrument by delivering it to any other person than the grantee named therein. That act can afford no ground of estoppel in favor of a third person whose name was inserted without their consent. There might be some room for the operation of an estoppel if the respondents had signed the instrument, and intrusted it to another, with a blank space left for the insertion of the name of a grantee. So far as these respondents were concerned, the denials of their answer were sufficient to justify a dissolution of the injunction.

The defendant T. J. Harris did not deny that he signed and delivered an instrument in which Mrs. S. M. Harris was named as grantor and E. Hollis was named as grantee. That instrument was very inartificially drawn. Manifestly, the purpose was to convey a fee-simple title to the lands described. It seems that the single grantor who was named in the body of the instrument had only a dower interest in the lands. The language used, however, indicates that it was understood that her children would perfect the title by joining in the instrument. One of its clauses is in these words: "My children is of lawful age, and will sign the deed for themselves, making a lawful title." The signature of her son, T. J. Harris, to an instrument embodying the clause quoted, evidences an intention on his part to confer upon the person named as grantee whatever interest he had in the property, so as "to make a lawful title" to that extent. Though the instrument was ineffectual as a legal conveyance by him, yet his signature and attempted acknowledgment imply that he intended it to have effect as a conveyance of his interest in the lands described. It may be given effect as an agreement to convey. "It is a familiar doctrine of a court of equity, that an instrument in writing, intended as a conveyance of lands, wanting in some essential element to pass the legal title, . . . will be regarded as an agreement to convey, and performance of it will be enforced." *Roney v. Moss,* 74 Ala. 390; *Goodlett v. Hansell,* 65 Ala. 151; *Jenkins v. Harrison, Ib.* 345. Under this rule, the bill discloses a ground of equitable relief against T. J. Harris, the existence of which was not denied by his answer. His demurrer did not reach this equity of the bill, or point out any defect in its averments. He did not show himself entitled to a dissolution of the injunction. The decree of the chancellor will be here so modified as to restore the injunction as against T. J. Harris. With this modification the decree will be affirmed. The costs of the appeal will be

taxed, one half against the appellant, the other half against the appellee, T. J. Harris.

Modified and affirmed.