**MALONE MOTOR CO. v. GREEN.** (8 Div. 744.)

(Supreme Court of Alabama. Oct. 22, 1925.)

1. **Sales** ⬅➡480(6)—**Complaint, in suit for destruction of lien under conditional sales contract, held not demurrable because not alleging character thereof.**

In suit for destruction of lien on automobile sold by plaintiff under conditional sales contract and acquired by defendant, complaint *held* not demurrable because not alleging character of plaintiff's lien.

2. **Sales** ⬅➡480(6)—**Complaint, in suit for destruction of lien under conditional sales contract, held not demurrable because not alleging notice thereof.**

In suit for destruction of lien on automobile sold by plaintiff under conditional sales contract and acquired by defendant, complaint *held* not demurrable because not alleging defendant's notice of plaintiff's lien, because, after asserting the lien, it alleged knowledge of "such lien" or claim.

3. **Appeal and error** ⬅➡930(4)—**Verdict of jury for plaintiff presumed to be under count for destruction of plaintiff's lien on automobile sold under conditional sales contract.**

In suit to recover automobile sold by plaintiff under conditional sales contract and acquired by defendant, with counts for detinue, trover and conversion, and destruction of plaintiff's lien, verdict of jury for plaintiff assessing his damages will be presumed to be under count for destruction of plaintiff's lien.

4. **Sales** ⬅➡472(1)—**Whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which inquiry would lead; "means of knowledge"; "knowledge."**

"Means of knowledge" is the equivalent of "knowledge," and whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which inquiry would lead; such rule not being changed by Code 1923, § 6898; Code 1907, § 3394.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Knowledge; Means of Knowledge.]

5. **Sales** ⬅➡480(6)—**Question of defendant's knowledge of plaintiff's title and claim to automobile sold under conditional sales contract held for jury.**

In suit for damages for destruction of plaintiff's lien on automobile sold under conditional sales contract and acquired by defendant, question of defendant's knowledge of plaintiff's title and claim *held* for jury.

6. **Sales** ⬅➡480(6)—**Plaintiff, to recover for destruction of lien on automobile sold under conditional sales contract, had burden of proving valid lien on car, which burden was not met by showing of legal title and general ownership.**

In suit for damages for destruction of plaintiff's lien on automobile sold under conditional sales contract and acquired by defendant, plaintiff, to recover, was required to show that he had a valid lien on the car, which burden was not met by showing that he had legal title and general ownership.

7. **Liens** ⬅➡1—**Lien cannot be title or ownership.**

A lien is not title or ownership.

8. **Liens** ⬅➡14—**Unauthorized conversion gives right of action in trover but not in case for destruction of lien.**

An unauthorized conversion of property owned by another gives rise to a right of action in trover, but not in case for destruction of a lien, and, when plaintiff shows that he has legal title to property converted, there is a total failure of proof to sustain such a count in case.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Action by W. N. Green against the Malone Motor Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

———

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The first count of the complaint is in detinue for the recovery of a certain Ford roadster, and the second count is in trover for its conversion. The third count, as amended, is on the case as follows:

"(3) Plaintiff claims of defendant $500, for that, whereas, on or about the 25th day of June, 1923, the defendant bought or traded for and converted to his own use one Ford roadster, motor No. 3773146, license No. 98139, on which plaintiff had a valid lien for the purchase price of said car, and plaintiff avers that defendant had knowledge of the existence of such lien or claim at the time he converted said car, and that by said conversion said lien and the remedy for its enforcement were lost to the plaintiff's damage of $500."

Defendant demurred to this count on the grounds, substantially, that it "does not allege the character of the lien" claimed; and that it is alleged only in the alternative that defendant had notice of the said lien, the other alternative being notice merely of a "claim." The demurrer was overruled, and the trial was had on the general issue.

Plaintiff showed that he was the owner of the car in suit on June 25, 1923, and on that day sold it to one Matthews under a conditional sale contract, reserving title in the vendor until the conditions stated were performed, and reserving the right to retake the car from the vendee's possession upon breach of any condition, including payment of the nine notes for the purchase money as they severally fell due. This contract was not filed for record until June 29, 1923, and in the meantime—on June 26—the defendant bought the car from Matthews, and a day or two later resold it.

To show that defendant had notice of his claim, plaintiff testified as follows:

"I saw him (Malone) at his office the day I sold the car to Matthews. Matthews and myself and my brother-in-law went to his office for a sales contract. We first went to the Morgan County National Bank, but could not get any there, and we then went down to Mr. Malone's and went in and asked Mr. Malone for a sales contract. Mr. Malone asked Matthews what he wanted with it, and he (Matthews) told him that he was buying my Ford roadster, and that he wanted a sales contract. Mr. Malone asked Matthews what he wanted with a sales contract, and Matthews told him he was buying my Ford roadster. That was before the papers were signed and before the car was delivered to Matthews."

Malone, defendant's president, testified that he had no knowledge of any claim on the car by plaintiff, and that he interrogated Matthews fully as to outstanding claims on it and was informed there were none; that he examined the records the next day and found nothing recorded; and that he had no recollection of plaintiff and Matthews coming to his office and talking to him about a contract.

The trial judge instructed for defendant on the trover count, and submitted the issue of defendant's knowledge or notice of plaintiff's "lien" to the jury. Defendant requested the general affirmative charge in writing as to each of the counts separately, and on the complaint as a whole, which requests were refused. The jury's verdict was, "We find for the plaintiff and assess the damages at $110.00," for which judgment was duly rendered, and defendant appeals.

Tennis Tidwell, of Albany, for appellant.

The complaint should set forth facts upon which his lien existed, or from which it arose. Kelly v. Eyster, 102 Ala. 325, 14 So. 657. The complaint avers in the alternative that defendant had knowledge of plaintiff's lien or claim, and was subject to demurrer. Donald v. Hewitt, 33 Ala. 534, 73 Am. Dec. 431; Steele v. State, 159 Ala. 9, 48 So. 673; Birmingham Ry. Co. v. Butler, 135 Ala. 388, 33 So. 33; Railway Co. v. Bunt, 131 Ala. 591, 32 So. 507. For failure of proof of lien, defendant was entitled to the affirmative charge. Retained title is not a lien. Warren v. Liddell, 110 Ala. 232, 20 So. 89; Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944; Haynie v. Robertson, 58 Ala. 37; 17 R. C. L. 596; 35 Cyc. 660; Lehman-Durr v. Van Winkle, 92 Ala. 443, 8 So. 870; Alexander v. Auto Co., 200 Ala. 586, 76 So. 944; Thornton v. Dwight Co., 137 Ala. 211, 34 So. 187. A conditional sale contract is void against purchasers for value without notice thereof. Code 1907, § 3394; Simpson v. Hinson, 88 Ala. 527, 7 So. 264.

Almon & Almon, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

SOMERVILLE, J. [1, 2] Conceding, without deciding, that count 3 of the complaint, as amended, is defective in not alleging facts as a basis for the lien asserted (see Kelly v. Eyster, 102 Ala. 325, 330, 14 So. 657) the objection that it "does not allege the character of the lien" is not apt, and is therefore unavailing. As to the second objection, that the count does not allege notice of the lien, because after asserting the lien it alleges knowledge of "such lien or claim," we think it is hypercritical and without merit. The alternative is merely an alternative description of the lien already asserted, as clearly indicated by the word "such," preceding, and not an alternative claim of a different character, as the demurrer incorrectly assumes. The demurrer was properly overruled.

[3] As the verdict of the jury did not respond to the issue presented by the detinue count—there being no finding as to the value of the property, and no finding appropriate to a recovery of the property, or in the alternative for its value—it must be presumed that the verdict was under count 3, on the

case, for the destruction of plaintiff's asserted lien.

[4, 5] Section 6898, Code 1923 (section 3394, Code 1907), which protects bona fide purchasers for value, without notice of unrecorded conditional sales, does not change the rule as to what may be sufficient actual notice. The means of knowledge is the equivalent of knowledge, and whatever is sufficient to put one on inquiry is sufficient to charge him with notice of everything to which the inquiry would lead. Alexander v. Fountain, 195 Ala. 3, 70 So. 669; Diamond Rubber Co. v. Fourth Nat. Bk., 171 Ala. 420, 55 So. 100. We think the plaintiff's testimony was sufficient to carry to the jury the question of defendant's knowledge of plaintiff's title and claim, and to support an affirmative verdict on that issue.

[6-8] But under count 3 it was incumbent on plaintiff to show, as an essential factor in his right to recover, that he had a valid lien on the car, and this burden was not met by showing that he had the legal title and the general ownership. A lien is not and cannot be title or ownership. Alexander v. Mobile Auto Co., 200 Ala. 586, 76 So. 944. An unauthorized conversion of property owned by another gives rise to a right of action in trover, but not in case for the destruction of a lien. And when the plaintiff shows that he has the legal title to the property converted, there is a total failure of proof to sustain such a count in case.

For this reason defendant was entitled to the general affirmative charge as to count 3, and its refusal was prejudicial error.

Let the judgment be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.