(133 So. 581)

### DEWYER v. DOVER et al.
### 6 Div. 651.

Supreme Court of Alabama.
April 2, 1931.

James J. Ray, of Jasper, for appellant.

Coleman D. Shepherd, of Jasper, for appellees.

THOMAS, J.

A bill by the third mortgagee, in point of time, against the second mortgagee for foreclosure. There was intervention by the first mortgagee.

The disputed fact is whether the third mortgagee, complainant here, had notice or knowledge of the prior mortgages. The court found that issue against complainant, ordered the land sold, which was done and report confirmed, and purchase money was ordered disbursed to lienholders according to their established priorities.

The principle given application as to the first mortgage is that a subsequent purchaser or mortgagee is charged with knowledge of facts to which due inquiry would lead, when there is knowledge of the facts sufficient to put him on inquiry, and which would lead an ordinarily prudent purchaser to inquire. Sections 6887, 6888, Code; Wittmeir v. Leonard, 219 Ala. 314, 122 So. 330; First National Bank v. McIntosh, 201 Ala. 649, 653, 79 So. 121, L. R. A. 1918F, 353; Malone v. Green, 213 Ala. 635, 637, 105 So. 897; 5

Thompson on Real Prop. pp. 251, 252, § 4201, p. 358, § 4192. The evidence shows that mortgagor Dover informed Dewyer, before the latter's mortgage was given, that "Mr. Wylie and George Kacharos held the two mortgages." This fact is denied by the complainant third mortgagee. However, it is established that at the request of the third mortgagee the mortgagor indorsed on the third mortgage that there was a first mortgage "for only $220.00" on which was "paid $50.00"; that "was all against the place." This was actual knowledge of the first mortgage, though the holder thereof was not stated in that indorsement. Due inquiry would have revealed its owner and the amount due thereon. The appellant had constructive notice by its due record of the Kacharos mortgage for $153 and of its recital that it was a second mortgage. As supporting the decree rendered, the two notices or knowledge were sufficient as to superiority of defendants' and interveners' liens. The record of the Kacharos mortgage was conclusive notice to all the world of everything that appears from the fact of the (that) mortgage. Wittmeir v. Leonard, supra; Christopher v. Shockley, 199 Ala. 681, 682, 75 So. 158. The indorsement before delivery made on the third mortgage put complainant to a due inquiry, which would have disclosed the amount and to whom due of the first mortgage.

██ A purchaser is charged with notice of that which appears on the face of conveyances in the chain of his title, but not bound to inquire into collateral circumstances. Wittmeir v. Leonard, 219 Ala. 317, 122 So. 330; J. S. Carroll Merc. Co. v. Harrell, 199 Ala. 87, 74 So. 252. The means of knowledge is the equivalent of knowledge. Gill v. More, 200 Ala. 511, 520, 76 So. 453. A purchaser is bound to inquire, beyond his own declarations, if the vendor has title to the property he is selling. Winters v. Powell, 180 Ala. 425, 434, 61 So. 96; Ivy v. Hood, 202 Ala. 121, 123, 79 So. 587; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190. For general citations of notice and inquiry, see 5 Thompson on Real Prop. p. 238, § 4192, pp. 251, 252, § 4201; Guaranty Sav. B. & L. Ass'n v. Russell, 221 Ala. 32, 127 So. 186; Figh v. Taber, 203 Ala. 253, 82 So. 495; Dixie Grain Co. v. Quinn, 181 Ala. 208, 61 So. 886; Griffin v. Karter, 116 Ala. 160, 22 So. 484; Lamar v. Lincoln Reserve Life Ins. Co., ante, p. 60, 131 So. 223; Leslie v. Click, 221 Ala. 163, 128 So. 170.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., concur.

BROWN, J., concurs in the result only, and states his views as follows:

BROWN, J. (concurring).

One phase of the opinion of my brother THOMAS, if I understand it, holds that mere constructive notice of the second mortgage, which recites the fact on its face that it is a second mortgage, was sufficient to put the third mortgagee on notice of the existence of the first mortgage. I am not in agreement with this view. The following authorities are in accord with my view on this point:

"The doctrine of constructive notice, under the recording acts, has always been regarded as a harsh necessity, and the statutes which create it have always been subjected to the most rigid construction." 23 R. C. L. 171, § 24.

"It would be unreasonable to extend the provisions of the registry laws so as to impose upon one who has only constructive notice the duties resting upon one who has actual knowledge. Good faith requires of that man who has actual knowledge of any existing fact to pursue such inquiry as would be suggested to an ordinarily prudent man by that knowledge, and equity charges him with the knowledge which he would have thus obtained had he made that inquiry. But we find no cases which impose this duty upon him who has only constructive notice." Neas v. Whitener-London Realty Co., 119 Ark. 301, 178 S. W. 390, 394, L. R. A. 1916A, 525, Ann. Cas. 1917B, 780.

It may be noted that the third mortgagee is not claiming under or through either the first or the second mortgage, and neither of these constitutes a link in his chain of title. They are collateral and antagonistic to his title, and therefore the rule which charges one with the recitals in conveyances in his chain of title is not applicable.

I concur in the conclusion and affirmance, however, on the ground that the third mortgagee had actual knowledge of the existence of the first mortgage arising from the indorsement of that fact on his mortgage.