173 So. 33

## SHERROD v. HOLLYWOOD HOLDING CORPORATION.

6 Div. 991.

Supreme Court of Alabama.

March 4, 1937.

558

·Robt. E. Smith and Robt. W. Smith, both of Birmingham, for appellant.

Harold H. Himrod, of Birmingham, for appellee.

THOMAS, Justice.

The bill was to remove a cloud from title. The decree granted the relief prayed.

Complainant avers that "it entered into a contract with Georgia Innes Whitney for the sale of the property" known as "Lot 15, Block 11, Owenton Survey, as per map recorded in Map Book 2, Page 26, in the office of the Judge of Probate of Jefferson County, Alabama, situated in Jefferson County, Alabama"; that "a warranty deed conveying said property was executed on December 31, 1931; at the same time a purchase money mortgage was also executed by the said Georgia Innes Whitney in accordance with the terms of said contract and that said papers were held in escrow, but were not delivered until, to-wit: the 19th day of January, 1932, at which time the transaction was consummated. * * * that while said papers were held in escrow, and prior to the completion of said transaction, the respondent, S. P. King, borrowed the abstract, contract and other papers from the escrow agent, one Alan Drennen, and prepared certain mortgages between the purchaser, Georgia Innes Whitney and her mother, Mrs, A. I. Whitney, together with a transfer to the respondent of the said mortgage in which it was attempted to obtain a first mortgage on the above described property and certain alleged personal property, * * * although the respondent, S. P. King, knew at the time of the execution of the said mortgages, that complainant's purchase money mortgage was to be delivered upon the consummation of said transaction"; that "the respondent, S. P. King, attempted to sell said property under the terms of said mortgage, at which sale the respondent, F. C. Sherrod, became the purchaser at and for an alleged considera-

tion of $360.00; that he subsequently received a foreclosure deed"; that "the said F. C. Sherrod under claim of said purchase is claiming said real estate therein described, and is asserting, or attempting to assert a superior claim over and above complainant's title. Complainant avers and shows unto the Court that in the foreclosure of the said mortgage, the said S. P. King did not advertise the same as required by law; that the sale was made en masse and not by parcels, nor was any of the personal property produced at the place of sale, and that, therefore, said sale was illegal and irregular; that the articles named in said mortgage and deed as personal property are chiefly fixtures in the apartment house built on the realty and essential to the operation thereof, and that complainant's interest in said property was jeopardized due to the irregularity and illegality of said sale. Complainant avers that it is informed and believes that the said respondent, F. C. Sherrod, in the purchase of said property at said foreclosure sale was acting solely as the agent of the said S. P. King, that no consideration was passed between said parties and that the said S. P. King is the real owner of any rights acquired at said foreclosure sale."

Complainant prays that, "upon a final hearing of this cause, the Court will set aside the foreclosure of said mortgage and will cancel and annul the alleged foreclosure deed made by the respondent, S. P. King, to the respondent, F. C. Sherrod, for and on account of the irregular and illegal sale in the failure to advertise the sale, the conducting of the sale en masse and the failure to have any of the personal property present at the place of said sale; that this Court will declare and decree that the mortgage executed by the said Georgia Innes Whitney to Mrs. A. I. Whitney and subsequently assigned to the respondent, S. P. King, is junior and subordinate to complainant's purchase money mortgage, and that the respondents and neither of them, has any right, title or interest in said land or any part thereof, except the statutory right of redemption, resulting from the foreclosure of complainant's purchase money mortgage."

The decree appealed from granted relief as prayed by complainant and denied relief to the respondent and cross-complainant, F. C. Sherrod, as prayed in his cross-bill; decreed that S. P. King and F. C.

Sherrod, the respondents, "have no right, title, interest in, lien or encumbrance upon" the real property specifically described.

We think the submission had was broad enough to cover the respective pleadings, evidence and exhibits, and affidavits introduced and exhibited as documentary evidence. Code, §§ 6873, 6874; Stewart Bros. v. Ransom, 204 Ala. 589, 87 So. 89.

■ It is established in this and other courts that generally a mortgage given to secure unpaid purchase money, and delivered simultaneously with a conveyance of the property, has precedence over other claims and liens against such property, to the extent of the property sold or the balance due thereon. Blackman v. Engram, 214 Ala. 262, 107 So. 741; Matheson et al. v. Farmers' Bank & Trust Co., 217 Ala. 606, 116 So. 906; Electrical Research Products v. Ford, 227 Ala. 647, 151 So. 594; 39 Cyc. 1770; 41 C.J. p. 528, § 470; 19 R.C.L. p. 416, § 196.

In McRae et al. v. Newman, 58 Ala. 529, the holding was, that "Where the owner executes a conveyance of lands, and deposits the same with an agent to be delivered to the purchaser when he complies with the contract, and executes a mortgage back to secure the unpaid purchase money, such instruments become operative only from the date of delivery; the title remains in the vendor until such delivery and eo instanti returns to him by the mortgage so as to preclude the interposition of any title or right in any other person; and the vendee's mortgage, if duly recorded within ninety days (Rev.Code, § 1557), operates as a notice of its contents to one purchasing in the interval between its delivery and record." 3 Tiffany on Real Property (2d Ed.) p. 2563, § 636; Hassell v. Hassell et al., 129 Ala. 326, 29 So. 695; Shaddix et al. v. National Surety Co., 221 Ala. 268, 128 So. 220; Bank of Oakman v. Thompson et al., 224 Ala. 87, 139 So. 238.

■ The complainant's purchase-money mortgage recites, among other things, that "This is a second mortgage and is subject to a prior mortgage recorded in Volume 2054, page 29, Probate Records of Jefferson County, Alabama. This is a purchase money mortgage and is given to secure the balance of the purchase price on the property herein described, warranted free from all encumbrances and against any adverse claims." This was sufficient to put all subsequent purchasers on notice or inquiry as to the relation of the

560

parties to such conveyance. Dewyer v. Dover et al., 222 Ala. 543, 133 So. 581; Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; First Nat. Bank of Eutaw v. Barnes et al., 229 Ala. 612, 159 So. 68; Planters' Warehouse & Commission Co. v. Barnes et al., 229 Ala. 572, 159 So. 63; Shorter v. Frazer, 64 Ala. 74.

■ The testimony of Alan T. Drennen as to the escrow was to the effect that about December 31, 1931, the appellee's warranty deed and the "purchase money mortgage by Georgia Innes Whitney to" appellee were executed and placed in escrow with witness "as an escrow agent, in accordance with the terms of an escrow agreement"; that the said mortgage was held by him "in escrow in accordance with the aforesaid escrow agreement." Witness further states the facts as to the action of Mr. B. George, which are material to a determination of the issue before us, as follows:

"While these papers were being held in escrow by me Mr. B. George called me and asked me if I had the abstract to this property and asked me what the substance of the trade was between the Hollywood Holding Corporation and Miss Whitney. I loaned him the abstract and told him the substance of the transaction, that is, the purchase price, the first mortgage to be assumed and the purchase money mortgage to be given, which purchase money mortgage was then held by me in escrow.

"A few days after this, which would be about January 21st, 1932, the trade was closed by the deliveries of the deed and mortgage and payment of the down payment."

While the deed and purchase-money mortgage were in the hands of the repository under the agreement of escrow, the grantee in the deed (grantor in the mortgage under which King and Sherrod hold) could not execute and deliver a conveyance to a third party and give such conveyance precedence over the purchase-money mortgage to the Hollywood Holding Corporation. As said by Mr. Tiffany, "as against such preexisting claims it is immaterial when he [the vendor] records his purchase money mortgage, since the prior claimant is not a subsequent purchaser within the protection of recording laws." Volume 3, Tiffany on Real Property (2d Ed.) § 636, p. 2563. As the King mortgage was executed and assigned to him prior to the delivery of the deed to his mortgagor,

the latter was not able to convey the land (to King) freed from complainant's mortgage. That is, the prior date of record of the mortgage to King did not affect the prior title in complainant as the owner and holder of the purchase-money mortgage, which was still held in escrow with the warranty deed to King's grantor. Until delivery of the escrow, the failure or defect in the title of nondelivery· (under the terms of the agreement of escrow) was known or chargeable to King, and he could not be a bona fide purchaser for a valuable consideration without notice within the protection of our statutes providing for record of conveyances of real property. Such is the just result; no title had passed pending escrow which could be conveyed and recorded to affect the prior purchase-money mortgage.

It is insisted that Mrs. Whitney had in her possession at the time of the execution of her mortgage a deed executed by the Hollywood Holding Corporation, the abstract and other deeds covering the property. When the legal effect of all the evidence is considered and applied, the trial court was justified in holding that Mrs. Whitney was not actually in possession of the deed executed by Hollywood Holding Corporation; and that complainant's rights under the agreement of escrow were not affected by the mortgage executed by Georgia Innes Whitney to Mrs. A. I. Whitney of date January 15, 1932. The evidence shows that the whole matter between·Mrs. Whitney and King was closed on January 15, 1932; that the Whitneys were in Mr. George's office, and King in his office; that Mr. George made several trips from one office to the other in the course of that negotiation; that, in addition to the property in question, the mortgage to Mrs. Whitney was made to embrace a schedule of other real and personal property.

The effect of Mr. George's evidence was that he carried the deed to King, and on second visit to him carried the abstract (which Drennen said he had loaned to George); that King agreed to purchase the mortgage by Georgia Innes Whitney to Mrs. A. I. Whitney; that he returned to his office and prepared the mortgage containing the property in question and other real properties, and the transfer.

Mr. King testified that on Mr. George's first visit to his office he did not bring the deed in question, as testified by George; but that he brought the mortgage executed and transferred; that the mortgage em-

braced, not only the land in question, but all the other properties; that he informed Mr. George that he would not decide whether he would take the mortgage so executed and transferred, until he had seen the abstract and the deeds covering these properties, which were then brought him; that he inspected these properties the same day and closed the transaction.

The evidence was open to the reasonable conclusion and finding of the trial court that King was confused as to having in hand the deed from Hollywood Holding Corporation, and that the deed he had and inspected was that to the other lands. That such was the fact is shown by Mr. Drennen, who testified that he only loaned the parties the abstract, and held the other conveyances in escrow, until January 21, 1932, when the "down payment was made" and the purchase-money mortgage and deed, respectively, were delivered.

The evidence of Harold Whitney showed that he heard the telephone conversation between George and some one as to the abstract, and that the abstract was later delivered to George's office.

■ The general law on the subject of delivery of deeds is stated in 1 Devlin on Real Estate (3rd Ed.) p. 412, § 268c, as follows: "* * * if a deed placed in escrow is taken from the custody of the depositary for the inspection of the grantee's attorney, and the grantee fails to comply with the conditions of the escrow, his conveyance to an innocent purchaser will not estop the grantor from showing the want of proper delivery. Or, if the depositary, himself wrongfully, delivers the deed to the grantee who places it on record, the grantor is not estopped to show the invalidity of the deed as against an innocent mortgagee. If the depositary erases the name of a grantee in a deed and inserts that of another, the grantor may set up the invalidity of the deed." Hollis v. Harris, 96 Ala. 288, 11 So. 377.

And on delivery in escrow: "Until the condition has been performed and the deed delivered over the title does not pass, but remains in the grantor. If the condition is not performed, the grantee, we have seen, is not entitled to the deed. If the depositary deliver the deed without authority to do so from the grantor, or if the grantee obtain possession of it fraudulently, without performing the condition, the deed is void. The deed thus obtained conveys no title either to the grantee or purchasers

under him. Although, as was previously shown, the possession of a deed by the grantee is prima facie evidence of its delivery, yet where it appears that the final transfer was dependent upon the compliance with certain terms and conditions, the party who claims under the deed must prove such compliance." 1 Devlin on Deeds, pp. 571, 572, 573, § 322 (3d Ed.) vol. 1.

When the evidence is considered in its entirety, it is not shown that the conditions of the escrow agreement had been performed and the delivery of the deed in question had been accomplished prior to the purchase by King and assignment of the mortgage to him.

We have set out above the recitals of subordination of the mortgage from Georgia Innes Whitney to appellee of date December 31, 1931. Those contained in the mortgage of date January 15, 1932, by Georgia Innes Whitney to Mrs. A. I. Whitney, and in turn transferred to King, are: "This being first mortgage on said personal property and second mortgage on land in Choctaw County, Alabama, and subject to two prior mortgages on Lot 15, Block 11 Owenton Survey and also second mortgage on lots in Superior, Wisconsin, and Lot in Portage Point, Onekama, Michigan, and also on Lot in Wylam Heights, Jefferson County, Alabama, said 900 acres located in Choctaw County, Alabama, Apartment Building, known as College View, 808 Graymont Ave., warranted free from incumbrances and against any adverse claims." That is to say, the conveyance under which appellant claims recites the inferiority of his title, which, under the authorities we have cited, gave notice or amounted to notice of the fact of a first or purchase-money mortgage, and put all subsequent purchasers upon inquiry to a knowledge of the true facts. Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330; Dewyer v. Dover et al., 222 Ala. 543, 133 So. 581, and other authorities cited above.

■ Mr. Devlin thus pertinently observes: "The legal title where possession of an escrow is obtained, without performance of the condition upon which a delivery to the grantee was to be made, remains in the grantor, or if he is dead, in his heirs. To maintain the plea of an innocent purchaser, a person must have acquired the legal title, which he seeks to protect against some latent equity or charge on the land. Hence, this plea can-

**562**

not avail a person who has bought on the faith of the possession of the escrow by the person named therein, where such possession has been obtained wrongfully. The conveyance made by the grantee in the escrow cannot affect the legal title, for that remains in the grantor or his heirs." 1 Devlin on Deeds (3rd Ed.) p. 577, § 323.

That is, the purchaser must inquire beyond the declaration of his vendor, if the latter has any title to the property he is selling. The rule is: "A purchaser must be bound to inquire whether, beyond his own declarations, his vendor has any title to the property he is selling. Otherwise it would be in the power of any agent, tenant or mere trespasser to deprive the owner of his property by a sale. To entitle himself to protection the purchaser must have purchased the legal title, and not be a mere purchaser without a semblance of title.—2 Story's Eq.Jur. § 1502." Dudley et al. v. Witter, Pro Ami., 46 Ala. 664, 694; Veitch et al. v. Woodward Iron Co., 200 Ala. 358, 76 So. 124; Cornelius et al. v. Bishop et al., 205 Ala. 503, 88 So. 592; Overall et al. v. Taylor, 99 Ala. 12, 11 So. 738.

Touching his failure in the duty of inquiry, the appellant, Sherrod, said he did not see an abstract of title to the property, nor the mortgage that was being foreclosed; he never inspected the property, but bought all of the property as a whole at the sale, and none was exhibited at the place or time of the sale; that he had never been in possession of any of the property covered by the foreclosure deed.

■ Complainant's mortgage was duly filed for record on January 27, 1932, and Sherrod bought at foreclosure sale on January 7, 1933. Sherrod could not be a bona fide purchaser without notice. Wittmeir v. Leonard et al., 219 Ala. 314, 122 So. 330.

■ When the whole evidence is considered, neither King nor Sherrod discharged the duty that was upon him under the facts, to inquire as to the title and the escrow; neither was a bona fide purchaser for value without notice. In Webb v. Elyton Land Co., 105 Ala. 471, 482, 18 So. 178, 180, the use of an innocent purchaser is thus stated:

"* * * in Craft v. Russell, 67 Ala. 9, we said: 'A plea put in by a defendant claiming to be a bona fide purchaser for value, without notice, in order to be available as a protection against a prior equity or conveyance asserted by the complainant, must aver clearly, distinctly, and without equivocation the following facts: (1) That he is the purchaser of the legal, as distinguished from an equitable, title; (2) that he purchased the same in good faith; (3) that he parted with value as a consideration therefor, by paying money or other thing of value, assuming a liability, or incurring an injury; (4) that he had no notice and knew no fact sufficient to put him on inquiry as to complainant's equity, either at the time of his purchase, or at or before the time he paid the purchase money, or otherwise parted with such value.'

"In Hooper v. Strahan, 71 Ala. 75, we said: 'The rule is settled in this state that in such cases it is required of a defendant who is a subpurchaser to aver in his plea or answer * * * the following facts: (1) That he is a purchaser from one in actual or constructive possession, who was seised or claimed to be seised of the legal title, at the same time briefly setting out substantially the contents of the deed of purchase, with date, consideration, and parties; (2) that he purchased in good faith; (3) that he parted with value, etc., * * *; (4) that he had no notice,' etc."

These announcements were followed in City Nat. Bank of Decatur v. Nelson, 218 Ala. 90, 117 So. 681, 61 A.L.R. 938; Reeder v. Cox, 218 Ala. 182, 118 So. 338; Marle v. Burchfield Bros., 229 Ala. 72, 155 So. 558.

We find no error in the decree of the trial court, and it is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.